Argued December 21, 1977, affirmed February 7, 1978

LOREN ALLEN HERMAN, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(No. 07 77 202, CA 8953)
574 P2d 347

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

## THORNTON, J.

The only issue in this review of action taken by the Oregon State Penitentiary Disciplinary Committee (Committee) is whether petitioner was afforded adequate notice of the rule violation with which he was charged and adequate notice of the Committee's meeting at which a sanction was imposed.

Petitioner was assigned to the Milwaukie Community Corrections Center, a work release center, where he was receiving alcohol therapy. On July 1, 1977, he was taken into custody by two field counselors after they observed him drinking beer and playing pool at a tavern. Petitioner was transported to Rocky Butte Jail where, while being searched, he "took a swing" at one of the officials searching him and had to be restrained. Petitioner claimed that the official had mishandled petitioner's prior existing broken ankle during the search, prompting petitioner's retaliation.

An "UNUSUAL INCIDENT REPORT" was filed by one of the arresting officials and petitioner was charged with violation of Work Release Conditions No. 7 (Unauthorized Area), No. 8 (Intoxicants or Drugs) and No. 10 (Housing Facility Rules). Oregon Administrative Rules, ch 291, § 10-530, Ex. I. A hearing was held on July 5, 1977, at Rocky Butte Jail. Petitioner indicated in writing that he had received the incident report, supporting material and the notice of a right to a hearing.

The hearings officer found the charges to be supported by the evidence and recommended that petitioner be removed from the work release facility. He further recommended that the Committee consider taking action to forfeit petitioner's accumulated good time (365 days).

When petitioner was returned to the penitentiary, the Committee met to consider petitioner's work release center violations which are also violations of Corrections Division Rules of Prohibited Conduct,

Rule 10, Disobedience of An Order. OAR 291-40-050(10). The Committee informed petitioner that he had already had his hearing and that it was only deciding whether to impose a sanction for the violation. The sanction recommended by the Committee and approved by the superintendent was a forfeiture of 365 days statutory good time and one year in segregation.

██  After reviewing the supplemented record, we conclude that petitioner received adequate notice of the charges against him and received a proper hearing. Pursuant to Corrections Division Procedures for Disciplinary Action, OAR 291-40-115(1)(b), no additional hearing on the facts is required for imposition of a sanction based upon a community center violation. The Committee meeting was confined to imposing a sanction for violation of Rule 10, and was not a fact hearing necessitating prior notice to petitioner.[1] Defendant was present at the sanction proceeding and given an opportunity to speak in his own behalf. Insofar as notice of violation of Corrections Division Rule 10 is concerned, petitioner as an enrollee in the work release program was on notice that Rule 4 of the Corrections Division Procedural Rules for the Work Release Program provided that any violation of work release center rules constituted an automatic violation of Rule 10. OAR 291-10-530(4).

█  The sanction imposed by the Committee is neither unconstitutional nor unlawful, and therefore must be upheld. *Whiley v. OSP,* 18 Or App 86, 523 P2d 1051 (1974).

Affirmed.

---

[1] We express no opinion as to whether such a hearing is required.