Argued June 19, reversed and remanded September 18, 1978

CRAIG W. HARTLIEB, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*
(No. 1458, CA 9955)
584 P2d 314

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

A prison disciplinary order found petitioner guilty of assault based on his participation in a fist fight and, among other things, ordered him to pay "restitution" in a set amount, which was about 60 percent of the medical bills incurred in the treatment of petitioner's injuries from the fight. Petitioner challenges the "restitution" component of the disciplinary order, relying on the following administrative rule:

"(3) The disciplinary committee may impose remedial treatment and/or disciplinary sanctions.

"(4) The disciplinary committee may impose disciplinary sanctions of the following order:

"* * * * *

"(e) Restitution for damages to institution property resulting from misconduct." OAR 291-40-120.

Petitioner contends the inclusion of one basis for restitution—"damages to institution property"—impliedly excludes other grounds for restitution, and that liability for medical expenses, albeit here caused by misconduct, is not damage to institution property within the meaning of the rule.

In response the state argues that "restitution" in the prison disciplinary context is "remedial treatment," not a "disciplinary sanction," citing *Curtis v. OSCI*, 20 Or App 530, 532 P2d 798, *rev den* (1975). However, *Curtis* is not authority for that proposition because the relevant passage expresses only the view of a single judge. 20 Or App at 535-36. Furthermore, the regulation here in question was adopted after our *Curtis* decision and, in paragraph 4(e), classifies "restitution" as a disciplinary sanction.

■ The state also argues that "restitution" in this case is authorized by statute, again citing *Curtis.* That is the ultimate conclusion of the lead and concurring opinions in *Curtis,* although the rationales are not identical. There is no rule that absolutely prohibits an agency from restricting by regulation and definition

what would otherwise be its broad undefined statutory powers. Therefore, merely stating that "restitution" is authorized by statute is not responsive to the contention that the "restitution" ordered in this case is contrary to OAR 291-40-120, unless the state makes the further contention that the regulation is invalid because it conflicts with statute. The state does not so contend.

■ Absent any claim that the regulation is invalid, we conclude it means just what it says: "Restitution" can be ordered in the prison disciplinary context for "damages to institution property"; the most likely meaning of this formulation is that "restitution" can be ordered *only* for "damages to institution property." The medical bills that were the basis of the "restitution" ordered here are not "damages to institution property" within the meaning of OAR 291-40-120. Remanded for a new disciplinary order.

Reversed and remanded.