Argued and submitted April 23, affirmed October 13, 1982

DANE MICHAEL YORK,
*Petitioner,*
*v.*
OREGON STATE CORRECTIONAL
INSTITUTION,
*Respondent.*
(No. 9-216, CA A22540)
651 P2d 1376

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

### YOUNG, J.

Petitioner seeks judicial review of an order of the Superintendent of the Oregon State Correctional Institution (OSCI) finding him in violation of OAR 291-105-015(3).[1] He contends that the Superintendent·exceeded his authority in ordering him to pay restitution for the cost incurred in effecting his return from Florida and that the noncertification of 50 percent of his good time credits amounts to cruel and excessive punishment in violation of Or Const, Art I, § 16. We affirm.

Petitioner was granted a temporary leave from the Corrections Division Release Center. While on leave in 1981, he failed to report as instructed and departed for Florida. He remained at large until September, 1981, when he presented himself to Florida authorities and was returned to Oregon.

At a disciplinary hearing, petitioner admitted that he had violated OAR 291-105-015(3). The hearings officer recommended the following sanctions:

> "Five months' restriction of all temporary leave privileges to be served from 9-17-81 through midnight 2-16-82; noncertification of 50. of Mr. York's good time credits, *i.e.,* 112 days, cancellation of Mr. York's parole order of 12-16-80; and denial of parole privileges."

The Superintendent approved the recommendations and increased the sanction to include restitution of the incurred expense ($584) by the state to return petitioner from Florida to Oregon.[2]

 Petitioner contends that the Superintendent exceeded his authority in ordering restitution. OAR 291-105-051(5) provides, in relevant part:

> "* * * Upon the finding of the violation by the Hearings Officer, the Hearings Officer and/or the Disciplinary Committee may recommend any of the following sanctions:
>
> "* * * * *

---

[1] OAR 291-105-015(3) provides:

"Unauthorized area: No inmate shall be in any location not designated by assignment, programmed activity, call-out or staff directive."

[2] The record does not reflect the specific expenses incurred. Petitioner's brief describes the sum as being "air fare." He does not challenge the evidentiary basis for the order.

"(5) Restitution for damages associated with and/or resulting from the misconduct."

Petitioner argues that the cost of air fare does not constitute "damages." He maintains that the cost incurred is more in the nature of an agency operational expense, rather than a loss directly resulting from petitioner's misconduct. We do not agree. Damage is pecuniary compensation recoverable for injury or loss suffered through the unlawful act, omission, or negligence of another. Black's Law Dictionary 466 (4th ed 1968). Damages "associated with or resulting from" petitioner's misconduct include the loss incurred by the state as a consequence of his unauthorized flight. The expense would not have occurred but for petitioner's misconduct. Former OAR 291-40-120, a predecessor of OAR 291-105-051(5),[3] restricted restitution to "damages to institution property resulting from misconduct." Under the former regulation, we held in *Hartlieb v. OSCI,* 36 Or App 179, 584 P2d 314 (1978), that an order to pay restitution for medical expenses incurred in the treatment of injuries the petitioner sustained in a fight exceeded the scope of the regulation. The formulation of the present regulation is much broader than its forerunner and contemplates restitution for those expenses which are the direct result of a prisoner's misconduct. We hold that, within the meaning of OAR 291-105-051(5), damages associated with or resulting from misconduct includes the expense of returning a prisoner who has absconded from the state.[4]

---

[3] OAR 291-40-120 was repealed by OAR 291-105-051 on April 15, 1980.

[4] Petitioner also cites ORS 161.665 for the proposition that the Superintendent exceeded his authority in ordering restitution. That statute provides in pertinent part:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

We need not discuss the merits of this argument, because the statute governs the cost of *prosecution.* It does not apply to sanctions imposed in prison disciplinary proceedings. If petitioner is arguing that the superintendent lacked authority to impose restitution, or that the Correction's Division had no authority to adopt the rule requiring restitution, then petitioner is incorrect. *See Curtis v. OSCI,* 20 Or App 530, 532 P2d 798, *rev den* (1975).

Petitioner's second asssignment of error has no merit. *Mason v. OSCI,* 34 Or App 329, 578 P2d 808 (1978); *Herman v. OSP,* 32 Or App 393, 574 P2d 347 (1978).

Affirmed.