Argued and submitted April 26, order continuing probation reversed; remanded for sentencing July 26, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY DRU BENWAY,
*Appellant.*

(10-86-05015; CA A47510)

776 P2d 880

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Defendant originally pleaded guilty to delivery of a controlled substance, ORS 475.992(1)(b); the court suspended imposition of sentence and placed him on probation for five years.[1] Subsequently, the court found that defendant had violated certain conditions of probation, but continued probation, over his objection and his request to be sentenced to prison.

Defendant assigns error to the continuation of probation over his objection. The state's only response is that the contention is beyond our scope of review under ORS 138.050. Because defendant's probation was continued and no sentence was imposed, we review under ORS 138.040. *State v. Donovan,* 307 Or 461, 465, 770 P2d 581 (1989).

Generally, a court has the authority to order continuation of a defendant's probation. ORS 137.550(1)(a). However, in *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), the Supreme Court concluded that

"any convicted criminal defendant has the right to refuse probation and demand that sentence be imposed." 307 Or at 14.

Accordingly, the court should have abided by defendant's request to be sentenced.

Order continuing probation reversed; remanded for sentencing.

---

[1] No appeal was taken.