886 F.2d 1321
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Frank WHITESHIELD, Plaintiff-Appellant,
v.
Manfred MAASS, et al., Defendants-Appellees.
 No. 88-3692.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1989.*
Decided Sept. 25, 1989.
 Before PREGERSON, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Whiteshield, a prisoner, appeals the district court's grant of summary judgment in favor of Manfred Maass and others. The district court held that the defendants had not violated the provisions of the United States Constitution when they imposed $200 of restitution upon Mr. Whiteshield, without benefit of a jury trial. We affirm.
 
 
 3
 Whiteshield was found in a semi-conscious condition in his cell. He was intoxicated from glue or paint thinner. He was taken to the hospital.
 
 
 4
 Thereafter, Whiteshield was notified that there would be a disciplinary hearing. One was held, and, among other things, $200 of restitution was imposed. The intent was to help reimburse the expenses incurred by the institution when it was required to treat Mr. Whiteshield for his intoxication.
 
 
 5
 Whiteshield then commenced this action under 42 U.S.C. Sec. 1983 on the basis that, among other things, the $200 mulct had deprived him of his constitutional rights, including the right to a jury trial.
 
 
 6
 The mere fact that a $200 restitution order was made did not entitle Whiteshield to a jury trial under Oregon law, or under the strictures of the United States Constitution. See Or. Const., Am. Art. VII Sec. 3; and Muniz v. Hoffman, 422 U.S. 454, 476-77, 95 S.Ct. 2178, 2190-91, 45 L.Ed.2d 319 (1975). All Whiteshield is entitled to is a procedure which follows the requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). He received that here.
 
 
 7
 To the extent that Whiteshield claims that Oregon law did not authorize the restitution order, he is wrong. It is authorized by Or.Admin.R. 291-104-051. That rule does not conflict with the Oregon statutes. See Or.Rev.Stat. Sec. 421.125(e), which authorizes assessments against inmates for "damages ... caused by willful misconduct...." York v. Oregon State Correction Inst., 59 Or.App. 708, 651 P.2d 1376, 1378 (1982).
 
 
 8
 Therefore, under no theory can imposition of the restitution order sustain an action under 42 U.S.C. Sec. 1983.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3