Argued and submitted September 27, conviction affirmed; restitution order vacated; remanded for resentencing November 13, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERTO R. DANIEL,
*Appellant.*

(89-09-4706-C; CA A64415)

820 P2d 901

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals the imposition of restitution of $355.70 after his conviction for endangering the welfare of a minor. ORS 163.575.[1] We vacate the order of restitution and remand for resentencing.

After a bench trial, the court found that defendant and a woman had engaged in sexual conduct in the presence of the woman's 11-month old child. The court ordered defendant to pay $355.70 as restitution to Holy Rosary Medical Center for its expenses in examining the woman after her sexual contact with defendant.

Defendant argues that Holy Rosary could not recover restitution. The state concedes that point,[2] and we accept the concession.

Conviction affirmed; restitution order vacated; remanded for resentencing.

---

[1] ORS 163.575 provides, in relevant part:

"(1) A person commits the crime of endangering the welfare of a minor if the person knowingly:

"(a) Induces, causes or permits an unmarried person under 18 years of age to witness an act of sexual conduct or sadomasochistic abuse as defined by ORS 167.060."

Defendant does not assign as error the trial court's failure to grant his demurrer on the ground that ORS 163.575 is overbroad and vague on its face and as applied.

[2] The state also concedes that it could not recover the expense as a cost of prosecution, because defendant had not been charged with a crime before the hospital incurred the expense. ORS 161.665; *State v. Haynes*, 53 Or App 850, 854, 633 P2d 38, *rev den* 292 Or 108 (1981).