Submitted on record and briefs May 23, 2005, vacated and remanded for entry of corrected judgment February 15, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MATTHEW CHARLES FLAJOLE,
*Appellant.*

010533609; A120819

129 P3d 770

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

* Brewer, C. J., *vice* Ceniceros, S. J.

LANDAU, P. J.

## LANDAU, P. J.

ORS 161.655(1) provides that, in a judgment of conviction, a trial court "may include in its sentence thereunder a provision that the convicted defendant pay as costs expenses specially incurred by the state in prosecuting the defendant." At issue in this case is whether, after entry of a judgment of conviction sentencing defendant to a period of probation, the statute authorizes a trial court to order him to pay the costs of extraditing him from another state for the purpose of conducting a hearing to determine whether he violated his probation. The trial court concluded that the statute does confer that authority. We disagree and therefore reverse.

The relevant facts are not in dispute. Defendant was convicted of felony failure to report as a sex offender, ORS 181.599, and was sentenced to probation. He later absconded from supervision. Eventually, he was arrested in Washington and was extradited to Oregon. The state spent $236 in extraditing defendant from Washington.

The court conducted a probation violation hearing, at the conclusion of which it continued probation. The state asked the court to order defendant to pay $236 as reimbursement for the cost of extraditing him. Defendant questioned whether the trial court was authorized to impose those costs in the context of a probation violation hearing. The trial court concluded that it was and, in its judgment continuing probation, ordered defendant to pay the costs.

On appeal, defendant renews his argument that ORS 161.655(1) does not authorize a court to order a defendant to pay costs associated with extradition to pursue a probation violation. According to defendant, the statute applies only when the court enters the original judgment as to the crime of conviction. The state responds that the statute does not limit the authority of the court to imposing costs in the original judgment of conviction, but allows the court to impose costs as part of, in the state's phrasing, "any sentence associated with" the judgment of conviction.

The scope of the authority conferred by ORS 161.655(1) is a recurring issue. In other cases, we have determined that the authority is rather limited and does not extend, as the state has consistently urged, to any costs "associated with" the judgment of conviction. We have concluded that, for example, the authority conferred by ORS 161.655(1) does not extend to ordering the payment of costs incurred by the state before indictment of the defendant, *State v. Daniel*, 109 Or App 680, 681 n 2, 820 P2d 901 (1991); costs consisting of the "ordinary overhead expenses of maintaining a police agency" or the salary of the district attorney, *State v. Heston*, 74 Or App 631, 634-35, 704 P2d 541 (1985); deputy sheriffs' overtime pay that, although it was necessitated by the deputies' appearances as prosecution witnesses at the defendant's trial, constituted part of their salary, *State v. Washburn*, 48 Or App 157, 160, 616 P2d 554 (1980); costs incurred for payment of witnesses in excess of statutory witness fee amounts, *State v. Twitty*, 85 Or App 98, 106, 735 P2d 1252, *rev den*, 304 Or 56 (1987); costs incurred by the victim rather than the state, *State v. O'Brien*, 96 Or App 498, 505, 774 P2d 1109, *rev den*, 308 Or 466 (1989); costs of court-appointed attorney fees that were imposed without a finding relating to the defendant's ability to pay, *State v. Ross*, 199 Or App 1, 14-15, 110 P3d 630, *adh'd to on recons*, 200 Or App 143, 113 P3d 921 (2005); costs incurred in prosecuting the defendant in a different case, *State v. Davis*, 134 Or App 310, 314-15, 895 P2d 1374 (1995); costs incurred in a proceeding resulting in entry of a judgment of guilty except for insanity under ORS 161.295, *State v. Gile*, 161 Or App 146, 985 P2d 199 (1999); costs imposed in a prison disciplinary proceeding, *York v. OSCI*, 59 Or App 708, 711 n 4, 651 P2d 1376 (1982); or costs incurred in a post-conviction proceeding, *Collins v. Johnson*, 179 Or App 606, 608 n 1, 40 P3d 1107 (2002). The precise question before us in this case, however, is one of first impression.

The issue is, of course, one of statutory construction, resolved by application of familiar principles, as set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with those principles, we attempt to determine the meaning of the statute that the

enacting legislature intended, examining first the text in context and, if necessary, legislative history and other aids to construction. *Id.*

ORS 161.665(1) (2001)[1] provided:

"Except as provided in ORS 151.505 [relating to costs incurred for appointed counsel], the court, *only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that the convicted defendant pay as costs expenses specially incurred by the state in prosecuting the defendant.* Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for fees and expenses incurred pursuant to preauthorization under ORS 135.055. * * * Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

(Emphasis added.) Several aspects of the phrasing of the statute warrant some emphasis.

First, the phrasing of the emphasized portion of the statute is limiting in nature. *"[O]nly"* in the circumstances that the statute describes is a court authorized to include in its sentence an order to pay the costs incurred in prosecution.

Second, one of those limiting circumstances is that the court may impose such costs only in the case of a defendant for whom it "enters" a judgment of conviction. The statute employs the present tense, and we take that phrasing to be significant. *See Martin v. City of Albany*, 320 Or 175, 181, 880 P2d 926 (1994) ("The use of a particular verb tense in a statute can be a significant indicator of the legislature's intention."). ORS 161.655(1) does not say, for example, that the court may impose such costs in the case of a defendant for whom it "previously has entered" a judgment of conviction. If the statute had been so phrased, the state's reading of it would be more tenable. The fact that the legislature

---

[1] We refer to the version of the statute that was in effect at the time of the probation violation hearing in February 2003. The statute has since been amended; the amendments do not affect our disposition of this appeal.

employed the present tense suggests that it intended to limit the court's authority to order a defendant to pay costs that have accrued up to and including the time of the judgment of conviction and sentence, rather than costs that accrue in connection with later proceedings and orders in the case.

Third, the costs that the court may order a defendant to pay are limited to those "specially incurred by the state in prosecuting the defendant." ORS 161.665 does not define "prosecuting." However, in ordinary parlance—and in usage throughout the Oregon Revised Statutes—the term refers to the portion of a criminal action that leads to a determination of guilt or innocence of the crime charged.

The ordinary meaning of the verb "to prosecute," for example, is "to institute legal proceedings against; *esp* : to accuse of some crime." *Webster's Third New Int'l Dictionary* 1820 (unabridged ed 2002). "Prosecution" ordinarily refers to "the institution and continuance of a criminal suit involving the process of exhibiting formal charges against an offender before a legal tribunal and pursuing them to final judgment on behalf of the state or government." *Id.* (emphasis added). Similarly, in legal parlance, the term "prosecute" means "to institute and pursue a criminal action against (a person)," while "prosecution" refers to "a criminal proceeding in which an accused person is tried." *Black's Law Dictionary* 1258 (8th ed 2004).

Consistently with that ordinary meaning, a number of related statutes that were contemporaneous with the original enactment of ORS 161.665 also suggest that a "prosecution" is that portion of a "criminal action" leading up to the determination of guilt or innocence, including statutes pertaining to persons authorized to "conduct" prosecutions; those pertaining to the elements of, and affirmative defenses to, crimes; and those pertaining to applicable evidentiary standards. *See, e.g.,* ORS 137.225 (1971) (providing for setting aside conviction; requiring that copy of motion to set aside be served on office of "prosecuting attorney who prosecuted the crime"); ORS 161.125 (1971) (in "prosecution for an offense," intoxication is not a defense to a criminal charge, but evidence that the defendant was intoxicated may be offered by the defendant whenever it is relevant to negative

an element of the crime charged); ORS 161.160 (1971) (providing that, in prosecution based on accomplice liability, certain facts are not defenses); ORS 161.190 (1971) (in prosecution for a crime, justification is a defense); ORS 161.275 (1971) (providing for use of entrapment evidence in prosecution for crime); ORS 161.425 (1971) (in prosecution for attempt crime, impossibility is not a defense); ORS 162.035 (1971) (setting out defenses and nondefenses in a prosecution for bribery); ORS 162.095 (1971) and ORS 162.105 (1971) (same in prosecution for perjury); ORS 162.145 (1971) (setting out defenses in prosecution for escape); ORS 163.225 (1971) (same in prosecution for second-degree kidnapping); ORS 163.285 (1971) (same in prosecution for coercion); ORS 163.345 (1971) (same in prosecution for certain sex offenses); ORS 164.035 (1971) (same in prosecution for theft); ORS 167.095 (1971) (same in prosecution for public display of nudity); ORS 683.020 (specifying relevant evidence in prosecution for practicing optometry without a license).

The case law likewise confirms that ORS 161.665, in referring to costs incurred "in prosecuting the defendant," means the proceedings by which the defendant was determined guilty of the crime of conviction. In *York*, for example, the petitioner had been convicted of a crime and sentenced to a term of imprisonment. He was granted a temporary leave and, while on leave, he failed to report as instructed. The state ultimately extradited him, and the Superintendent of the Oregon State Correctional Institution imposed the costs of extradition as a sanction. *Id.* at 710. We concluded that the superintendent possessed authority to order the petitioner to pay the costs of extradition. *Id.* at 711. We noted, however, that ORS 161.655 did not provide that authority; we explained that "the statute governs the costs of *prosecution*. It does not apply to sanctions imposed in prison disciplinary proceedings." *York*, 59 Or App at 711 n 4 (emphasis in original).

In this case, as we have noted, the trial court entered a judgment of conviction for felony failure to report and sentenced defendant to probation. After the entry of judgment and sentencing, the state incurred costs in extraditing defendant to Oregon. Thus, those costs were not incurred before or at the time that the court "enters" the judgment of conviction.

Moreover, those costs were not incurred in the prosecution of defendant for the commission of the crime of conviction and sentence, that is, felony failure to report. Rather, as in *York*, the costs were incurred in extraditing defendant for a hearing on the consequences of conduct entirely separate from the crime of conviction and sentence, that is, for violating the terms of his probation. We therefore conclude that the trial court erred in ordering defendant to pay the costs of extraditing him for the purpose of conducting a probation violation hearing.

Vacated and remanded for entry of corrected judgment.