On appellant's petition for reconsideration filed August 1, respondent's response to appellant's petition for reconsideration filed November 12, and appellant's reply filed November 13; reconsideration allowed, order of Appellate Commissioner dismissing appeal adhered to October 7, 2020; petition for review denied February 4, 2021 (367 Or 535)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NORMAN KENNETH HUNT, JR.,
aka Norman Kenneth Hunt,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR14965; A170851

476 P3d 530

Defendant petitions for reconsideration of the Appellate Commissioner's order, which dismissed his appeal on the ground that the two orders that he appeals are not appealable. Defendant contends that the two orders he appeals are appealable under ORS 138.035(3) because they impose new or modified conditions of probation. *Held*: The orders defendant appeals impose sanctions, not new or modified conditions of probation, and are not appealable under ORS 138.035(3).

Reconsideration allowed; order of Appellate Commissioner dismissing appeal adhered to.

Eric J. Bloch, Judge. (Order - March 20, 2019)

Michael A. Greenlick, Judge. (Order - March 29, 2019)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, for petition and reply.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for response.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

TOOKEY, P. J.

Reconsideration allowed; order of Appellate Commissioner dismissing appeal adhered to.

**TOOKEY, P. J.**

Defendant petitions for reconsideration of the Appellate Commissioner's order, which dismissed his appeal on the ground that the two orders that he appeals are not appealable under ORS 138.035(3). That statute, among other things, allows a defendant to appeal orders "imposing a new or modified condition of probation." We grant defendant's motion for reconsideration. On reconsideration, we adhere to the Appellate Commissioner's order dismissing the appeal.

## I.  FACTS & PROCEDURAL HISTORY

Defendant was convicted of one count of delivery of methamphetamine, ORS 475.890. In the judgment of conviction, defendant was sentenced to "Supervised Probation for a period of 36 month(s)." The judgment of conviction also expressly specified the "conditions of probation" to which defendant would be subject. Those were "all general conditions of probation (ORS 137.540)" and the following "Special Conditions of Probation (ORS 137.540(2))": assignment to a drug court and assignment to a particular judge for "judicial supervision of probation." Among the general conditions of probation to which defendant was subject were that he would "[n]ot use or possess controlled substances except pursuant to a medical prescription," and that he would "[s]ubmit to testing for controlled substance, cannabis or alcohol use."

On February 20, 2019, defendant appeared in court after having missed a required urinalysis (UA) and having two UAs test positive for methamphetamine. The trial court explained to defendant that, "for a missed UA, [defendant], you're going to have to do a day of community service," and issued an order requiring defendant to complete eight hours of community service by February 27, 2019.

Concerning the positive UAs, defendant explained his belief that the UAs were false positives resulting from the medications that he was taking. The court told defendant that it could schedule a contested probation violation hearing, but noted that, "[i]f I find you in violation for using on these facts, I'm also going to find you in violation for being dishonest about the use and that carries with it a separate and more serious consequence."

A contested probation violation hearing was held on March 18, 2019. Prior to the presentation of evidence, the trial court explained to the parties:

> "At the conclusion of this evidentiary hearing, I do intend to take the matter under advisement and then render my decision. And should that decision be that [defendant] is in violation of his probation, *to impose a sanction or consequence* during the regular [drug court] docket."

(Emphasis added.) At the end of the hearing, the trial court noted:

> "So in terms of the process from here, as I said, I'm going to review my notes, consider all the evidence, render my decision, and if the decision is that [defendant] violated the conditions of his probation by using a prohibited substance and by being dishonest about it, *then I will impose a sentence*, and those things will occur on our [drug court] docket."

(Emphasis added.)

Defendant appeals two orders subsequently issued by the trial court. First, defendant appeals a March 20, 2019, order that found defendant "in willful violation of probation" for "use and dishonesty." That order imposed a $25 "probation violation fee" and provided the following "disposition" regarding probation:

> "2 day book [and] keep - turn self in
>
> "Turn self in for 2nd book [and] keep on weekend for 2 days
>
> "Complete previously given [community service] orders by 3/30"

(Some capitalization omitted.)

Second, defendant appeals a March 29, 2019, order, which stated, "deadline for jail sanction imposed 3/20/2019 is 3/30/2019. Defendant must complete sanction by serving 1 weekend day on 3/30/2019." (Some capitalization omitted.)

Relevant to our analysis of the appealability of the March 20, 2019, order and the March 29, 2019, order is ORS 138.035(3), which provides:

"A defendant may appeal a judgment or order extending a period of probation, imposing a new or modified condition of probation or of sentence suspension, or imposing or executing a sentence upon revocation of probation or sentence suspension."

Because the orders that defendant appeals did "not appear to do any of those things," the Appellate Commissioner ordered defendant to show cause why the appeal should not be dismissed. In his response, defendant argued that "this case is appealable under ORS 138.035(3)" because the March 20, 2019, order "added a new condition that defendant serve two days in jail." Defendant did not directly address the appealability of the March 29, 2019, order. The Appellate Commissioner was not persuaded by defendant's appealability argument and, accordingly, entered an order dismissing the appeal.

## II.  ANALYSIS

On reconsideration, defendant contends that the orders that he appeals are appealable "because they impose new conditions of probation (jail and a financial sanction) and modify existing conditions of probation (the deadlines for fulfilling the jail sanction and a prior community service sanction)." As support for that argument, defendant points to, among other things, the dictionary definition of "condition." The state disagrees with defendant, contending, among other points, that the "orders at issue did not 'modify' conditions of probation." The state highlights that, under OAR 213-005-0013, the trial court can impose jail as a "sanction" for probation violations.

A.  *Probation Generally*

As context for our discussion, we first provide some brief background regarding probation.

The word "probation," as it is used with respect to criminal law, is a legal term, traditionally meaning "a court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." *Black's Law Dictionary* 1456 (11th ed 2019). In Oregon, "probation is a creature of statute." *State v. Carmickle*, 307 Or 1, 12, 762

P2d 290 (1988). ORS 137.540(1) provides a list of "general conditions" of probation to which probationers are subject "unless specifically deleted by the court," and ORS 137.540(2) gives sentencing judges the authority to impose "any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer." A "condition of probation" is a requirement imposed by a "governmental actor to avoid a substantial adverse consequence." *State v. Bentley*, 239 Or App 18, 24, 243 P3d 859 (2010), *rev den*, 349 Or 654 (2011).

The adverse consequence for violating a condition of probation may come in the form of a "sanction." *See* ORS 137.593(2) (sentencing judge retains authority to "determine whether conditions of probation have been violated and to *impose sanctions for the violations* if the court, at the time of sentencing, states on the record that the court is retaining such authority" (emphasis added)); ORS 137.595(1) (directing the department of Department of Corrections to adopt rules "establishing a system of structured, intermediate *probation violation sanctions*" (emphasis added)); ORS 137.595(2) (providing that "[r]ules adopted by the Department of Corrections" shall provide "a probationer with written notice of the probationer's right to a hearing before the court to determine whether the probationer violated the conditions of probation * * *, and if so, whether to * * * *order sanctions for any violations*" (emphasis added)); *see also State v. Richards*, 361 Or 840, 846, 401 P3d 767 (2017) ("The legislature charged the Department of Corrections with adopting rules to specify particular sanctions for violating probation conditions."). That understanding of what a "sanction" is with respect to probation violations accords with the definition of the word "sanction" both as a legal term and when given its ordinary meaning. *Black's* at 1608 (defining "sanction," in relevant part, as a "provision that gives force to a legal imperative by either rewarding obedience or punishing disobedience"); *Webster's Third New Int'l Dictionary* 2008-09 (unabridged ed 2002) (among other definitions, a "sanction" is "the detriment, loss of reward, or other coercive intervention that is annexed to a violation of a law as a means of enforcing the law and may consist in the

direct infliction of injury or inconvenience (as in the punishments of crime) or in mere coercion, restitution, or undoing of what was wrongly accomplished (as in the judgments of civil actions) or may take the form of a reward which is withheld for failure to comply with the law" and also "a restrictive measure used to punish a specific action or to prevent some future activity").

The distinction between a "condition of probation" and a "sanction" is an important one. As we explained in *State v. Kelemen*, 296 Or App 184, 192, 437 P3d 1225 (2019), revocation of probation is not authorized "in the absence of a finding that an offender had violated the conditions of probation either by committing a new crime or in some other way." Thus, a probationer's failure to comply with a probation officer's "directives" to complete a "work crew sanction" was not grounds for a trial court to revoke probation, where that failure did not also violate a "condition of probation." *Id.* at 188, 192. Similarly, as we explained in *State v. Ramirez*, 298 Or App 596, 601-02, 448 P3d 714 (2019), violation of a court's order that a probationer appear in court on a particular day is not grounds for revocation of probation where the requirement that the probationer appear in court on that particular day was not a "general or special condition of probation imposed on defendant by the court."[1]

B.   *Construing ORS 138.035(3)*

With that background in mind, we turn back to the resolution of the present case. As noted above, ORS 138.035(3) provides, in relevant part, that "[a] defendant may appeal a judgment or order * * * imposing a new or modified condition of probation." The meaning of that phrase presents a question of statutory interpretation, which is a legal question. *King v. King*, 295 Or App 176, 189, 434 P3d 502 (2018), *rev den*, 364 Or 849 (2019). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with any relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

---

[1]  Violation of such an order could, "[p]erhaps," lead to holding the probationer in contempt. *Ramirez*, 298 Or App at 602 (so noting).

The legislature did not define "condition" as that word is used in ORS 138.035(3) and, therefore, we look to the dictionary for guidance, *Pride Disposal Co. v. Valet Waste, LLC*, 298 Or App 751, 759, 448 P3d 680, *rev den*, 366 Or 64 (2019), while keeping in mind that "we do not simply consult dictionaries and interpret words in a vacuum" because dictionaries "do not tell us what words mean, only what words *can* mean, depending on their context and the particular manner in which they are used," *Cloutier*, 351 Or at 96 (emphasis in original).

"Condition" is defined, as relevant here, as "something established or agreed upon as a requisite to the doing or taking effect of something else." *Webster's* at 473; *see Ramirez*, 298 Or App at 600 n 5 (noting that definition of "condition" when discussing ORS 137.540(12)(a), which references "conditions of the defendant's probation"). We thus understand "condition of probation" to mean something established that is requisite to the doing or taking effect of the probation. From that definition, it is not apparent to us that a court-ordered "sanction" when a probationer has violated a condition of probation is itself a "condition of probation," although that is perhaps possible.

Context reflects, however, that the legislature did not intend for "condition of probation," as that phrase is used in ORS 138.035(3), to include "sanctions" imposed by the court for violating conditions of probation. Notably, other statutes regarding probation demonstrate that the legislature intended for there to be a distinction between "sanctions" and "conditions of probation." *See State v. Klein*, 352 Or 302, 309, 283 P3d 350 (2012) (a statute's context includes "related statutes"). For example, ORS 137.593(2) provides that the sentencing judge "shall retain authority" to "cause a probationer to be brought before the court" and to "impose such other or additional sanctions *or* modify the conditions of probation as authorized by law." (Emphasis added.) Similarly, ORS 137.595(2) requires that rules adopted by the Department of Corrections shall "provide a probationer with written notice of the probationer's right to a hearing before the court to determine whether the probationer violated the conditions of probation alleged in a probation violation report, and if so, whether to continue the probationer

on probation subject to the same or modified conditions, *or order sanctions for any violations.*" (Emphasis added.) A distinction between "sanctions" and "conditions" also appears in ORS 144.101(3), which concerns post-prison supervision. *Id*. ("If a local supervisory authority imposes conditions of post-prison supervision *or* sanctions for violations of those conditions, the person may request the board to review the conditions *or* sanctions. The board shall review the request and may, at its discretion, review the conditions *and* sanctions, under rules adopted by the board." (Emphases added.)).

In interpreting statutes, "we assume that the legislature did not intend any portion of its enactments to be meaningless surplusage," *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005), and "the general assumption of consistency counsels us to assume that the legislature intended the same word to have the same meaning throughout related statutes unless something in the text or context of the statute suggests a contrary intention," *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 175, 339 P3d 428 (2014).

Given the general assumption of consistency, construing "condition of probation," as that phrase is used in ORS 138.035(3), to include "sanctions" imposed for violating a condition of probation, would suggest that the references to "sanctions" in ORS 137.593(2), ORS 137.595(2) and ORS 144.101(3) are meaningless surplusage. That is because it would suggest that the "conditions" referenced in those statutes would include "sanctions" as well. We assume that was not the legislature's intent. That is, we understand the legislature to have intended for there to be a distinction between "sanctions" and "conditions of probation."[2]

---

[2] Defendant argues that "this court and the Supreme Court have emphasized that the relevant statutes and rules do not consistently distinguish between particular terms when referring to a trial court's authority over probationers." Defendant maintains that, in *State v. Lane*, 357 Or 619, 355 P3d 914 (2015), the court "rejected the defendant's argument that ORS chapter 137 and the sentencing guidelines contemplated a distinction between a 'sentence' and a 'sanction' for violations of probation," and in *Ramirez*, 298 Or App at 600 n 5, "this court explained that the legislature used the phrases 'terms of probation' and 'conditions of probation' interchangeably in ORS 137.540." In this case, however, we do not view what defendant points to as "direct evidence of legislative intent" that requires us to disregard the assumptions to which we turn in interpreting the statute at issue in this case. *Lane*, 357 Or at 629.

Other aspects of Oregon's probation scheme also suggest that the legislature did not intend "condition of probation" in ORS 138.035(3) to include "sanctions" imposed for violating conditions of probation.

Specifically, OAR 213-005-0013(2)(b) provides that the sentencing judge may impose "[o]ne or more jail terms as a sanction for probation violations over the term of probation." Jail terms that are imposed as "sanctions" under OAR 213-005-0013 are "part of a probationary sentence." OAR 213-005-0013(1). Jail terms may also be imposed as a "condition of probation" under ORS 137.540(2)(b)(A). *Id.* (providing that a defendant can be "confined in the county jail" as a "special condition[ ] of probation"); *see also* ORS 137.523 (recognizing that a judge may sentence a defendant to "confinement in a county jail as a condition of probation").

Importantly, the legislature has recognized that a distinction exists between a jail term imposed as "part of a probationary sentence"—*i.e.*, a jail term imposed as a sanction under OAR 213-005-0013(2)(b)—and a jail term imposed as a "condition of probation" under ORS 137.540 (2)(b)(A). ORS 137.545(7) provides that

> "[a] defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 *or* as part of a probationary sentence pursuant to the rules of the Oregon Criminal Justice Commission may be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation."[3]

(Emphasis added.)

---

[3] In his reply brief, in a footnote, defendant contends that, "because OAR 213-005-0013 provides that the jail sanction is part of the sentence, the order imposing additional jail may constitute an amendment to the original sentence that would be appealable under ORS 138.035(4)." ORS 138.035(4) provides, in relevant part, "A defendant may appeal an amended or corrected judgment entered after the judgment of conviction and sentence." Defendant does not endeavor to explain how an order imposing a jail sanction is an "amended or corrected judgment" under ORS 138.035(4). The argument is therefore insufficiently developed for us to address it. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself").

"We are prohibited, by statutory command and by constitutional principle, from adding words to a statute that the legislature has omitted." *State v. Patton*, 237 Or App 46, 50-51, 238 P3d 439 (2010), *rev den*, 350 Or 131 (2011). If we were to interpret the phrase "condition of probation," as it is used in ORS 138.035(3), to include "sanctions" imposed for violating conditions of probation, that is precisely what we would be doing.

In sum, given the text and context, we conclude that "condition of probation," as used in ORS 138.035(3), does not include "sanctions" imposed by a trial court on a probationer for violating conditions of probation.[4]

C.  *Whether the Orders Defendant Appeals Impose a "New or Modified Condition of Probation"*

Having construed ORS 138.035(3), we now consider whether the orders defendant appeals in this case are appealable because they "impose a new or modified condition of probation," as defendant contends.

---

[4] We have reviewed the legislative history provided by the parties, and it does not aid our analysis.

Defendant notes that ORS 138.035(3) "mirrors" a prior statute, *former* ORS 138.053(1)(c) to (e), *repealed by* Or Laws 2017, ch 529, § 26. Citing *State v. Hutchins*, 281 Or App 495, 383 P3d 399 (2016), *State v. Flajole*, 204 Or App 295, 129 P3d 770 (2006), and *State v. Benway*, 97 Or App 685, 776 P2d 880 (1989), defendant argues that, prior to passage of ORS 138.035, the "existing case law shows that this court had regularly permitted appeals from judgments and orders that imposed jail or financial sanctions for violations of the conditions of probation." In defendant's view, if the legislature had intended to limit the appealability of probation violation orders when it enacted ORS 138.035, it likely would have "identified and discussed that change" before enacting ORS 138.035. Defendant contends that the legislature did not identify and discuss that change, and that that legislative silence is "significant."

For two reasons, we are not persuaded that this is a case where legislative silence is particularly significant. *State v. Stout*, 362 Or 758, 774, 415 P3d 567 (2018) (explaining the need to be "cautious" about "drawing significant inferences from legislative silence," although noting legislative silence can be "significant" in some cases). First, in none of the opinions cited by defendant did this court analyze whether the order or judgment the defendant appealed was appealable under *former* ORS 138.053, nor do the opinions defendant cites even reference *former* ORS 138.053. Second, none of the opinions cited by defendant describe the judgment or order appealed from with sufficient particularity to disclose whether it was one that is particularly similar to the orders defendant appeals in this case. Thus, we do not see our construction of ORS 138.035(3) as a departure from precedent.

As noted above, the March 20, 2019, order imposed jail time, modified the deadline for completing previously ordered community service, and imposed a $25 probation violation fee. The March 29, 2019, order imposed a deadline for completing the "jail sanction" and mandated that defendant complete that sanction by "serving 1 weekend day on 3/30/2019."

We understand the jail term imposed by the trial court in the March 20, 2019, order to be a "sanction" and not a "condition of probation." Indeed, on March 18, 2019, the trial court expressly stated that, if it determined that defendant was in violation of his probation, it would "impose a sanction or consequence" and the March 29, 2019, order expressly refers to the incarceration term as a "jail sanction." And, as noted above, OAR 213-005-0013(2)(b) provides sentencing judges with the authority impose "[o]ne or more jail terms as a sanction for probation violations over the term of probation."

We also understand the community service referred to in the March 20, 2019, order to be a "sanction" not a "condition of probation." Defendant seemingly violated a condition of his probation by missing a required UA. ORS 137.540 (1)(c) (providing, as a general condition of probation, that probationers shall "[s]ubmit to testing for controlled substance *** use *** if the probationer has a history of substance abuse"). As a consequence, rather than revoking defendant's probation and sentencing defendant to prison, the trial court required defendant to complete community service. *See* ORS 137.128(1) ("A judge may sentence an offender to community service either as an alternative to incarceration or fine or probation, or as a condition of probation."). Under those circumstances, we do not understand the community service ordered by the court to be a "condition of probation," but rather a sanction imposed as an alternative to incarceration. Further, we understand changing the deadline that community service must be completed by to be modification of a sanction, and not modification of a condition of probation.

Additionally, we do not believe that the $25 probation violation fee imposed by the trial court was a new

"condition of probation." Instead, it was part of the sanction imposed by the trial court. ORS 137.540(12)(a) provides that, "[i]f the court determines that a defendant has violated the terms of probation, the court shall collect a $25 fee from the defendant." Under ORS 137.540(1)(a), a condition of defendant's probation was that he pay all "fines, restitution or other fees ordered by the court." We understand the $25 probation violation fee to be precisely what ORS 137.540 (12)(a) indicates it is: a fee imposed on defendant as a result of violating his probation. While failure to pay the fee could constitute a violation of a condition of probation under ORS 137.540(1)(a), that does not mean that the fee itself is a condition of probation.

        Finally, as for modification of the deadline by which defendant must complete the "jail sanction" in the March 29, 2019, order, as noted above, we do not understand modification of a "sanction" to be a modification of a "condition of probation."

        Reconsideration allowed; order of Appellate Commissioner dismissing appeal adhered to.