Submitted October 2, reversed November 18, 2020

In the Matter of J. M. V.,
a Person Alleged to have Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

## J. M. V.,
*Appellant.*

Columbia County Circuit Court
20CC03018; A174119

476 P3d 530

Ted E. Grove, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant appeals an order civilly committing him to the Mental Health Division for a period of time not to exceed 180 days and an order prohibiting him from possessing firearms. The error asserted by appellant is that the trial court failed to advise him about all the information required by ORS 426.100(1) (providing that a court conducting a civil commitment hearing is required, among other things, to advise the person with an alleged mental illness of all the possible results of the hearing). Appellant did not object to the court's failure to comply with ORS 426.100(1) but asks that we review the asserted error as plain error. ORAP 5.45(1). The state responds with a concession that the trial court plainly erred and that the orders should be reversed. We agree with the concession and accept it. *See State v. M. L. R.*, 256 Or App 566, 570, 303 P3d 954 (2013) ("[The] failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review."). Further, for the reasons stated in *M. L. R.*—namely, the nature of civil commitment proceedings, the gravity of the violation, and the ends of justice—we deem it appropriate to exercise our discretion to correct the error. *Id*.

Reversed.