PER CURIAM
*140 In this criminal appeal, defendant challenges the trial court's imposition of several special conditions of probation asserting that they were not pronounced in open court. At sentencing, the court announced that defendant would be subject to general conditions *391 of probation as well as "the special condition of the drug package," but did not specify what special conditions constituted the "drug package." The state responds that defendant's appeal is moot because, since the entry of the judgment imposing the special conditions of probation defendant challenges on appeal, the court has entered a new judgment (following a hearing) in which it re-imposed those same special conditions, and defendant has not appealed that new judgment. In those circumstances, the state argues, "even if the judgment presently before the court were to be reversed and remanded, the new judgment imposing the same conditions would remain intact." We agree with the state that, in those circumstances, defendant's appeal is moot.
"An appeal is moot when a court decision will no longer have a practical effect on the rights of the parties." Brownstone Homes Condo. Assn. v. Brownstone Forest Hts., 358 Or. 26, 30, 361 P.3d 1 (2015) (internal quotation marks omitted). Here, in light of the unchallenged judgment in which the court re-imposed the same special probation conditions that defendant challenges on appeal, a decision of this court regarding the propriety of the way by which those conditions were initially imposed would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions. Furthermore, "when changed circumstances render an appeal moot, it will be dismissed." Id. (citing State v. Hemenway , 353 Or. 498, 501, 302 P.3d 413 (2013) ). Thus, we agree with the state that defendant's appeal is subject to dismissal as moot.
Appeal dismissed.