Submitted September 4; in Case Nos. 17CR69533 and 18CR55214, reversed and remanded for resentencing, otherwise affirmed; in Case Nos. 060102, 16CR38161, 18CR05064, 18CR59678, and 18CR28778, affirmed October 21, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NOELLE KATHARINE McLAUGHLIN,
aka Noelle Katharine Nicholas,
aka Noelle Kat Nicholas-McLaughlin,
aka Noelle Katherine Nicholson Mclaughlin,
*Defendant-Appellant.*

Lincoln County Circuit Court
060102, 16CR38161, 17CR69533,
18CR05064, 18CR28778, 18CR55214, 18CR59678;
A170473 (Control), A170474, A170475,
A170476, A170477, A170478, A170479

476 P3d 987

Thomas O. Branford, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

In Case Nos. 17CR69533 and 18CR55214, reversed and remanded for resentencing; otherwise affirmed. In Case Nos. 060102, 16CR38161, 18CR05064, 18CR59678, and 18CR28778, affirmed.

## PER CURIAM

Defendant appeals judgments in these seven consolidated cases, six of which involve probation revocations. On appeal, she raises assignments of error pertaining only to two of the probation revocation cases. In Case No. 17CR69533, in which defendant had been convicted of identity theft, the trial court revoked probation, imposed a probation fee, and sentenced defendant to 180 days of incarceration, followed by 12 months of post-prison supervision. Similarly, in Case No. 18CR55214, involving possession of heroin and first-degree theft, the court revoked probation, imposed a probation fee, and sentenced defendant to 180 days of incarceration, followed by 12 months of post-prison supervision. Although the court announced the probation fees in open court, it failed to announce the sentences of incarceration and post-prison supervision in these two cases. The court also did not address eligibility for programming with respect to those two cases, although the judgments in both cases indicate that defendant is not eligible for programming or reductions in sentence "for substantial and compelling reasons set forth on the record." Those terms appeared in the judgment in the first instance.

On appeal, defendant argues that the trial court erred in failing to announce in open court the sentences it was imposing in these two cases, and in failing to address defendant's eligibility for sentence modification programs under ORS 137.750. It is undisputed that a court errs in imposing sentence outside the presence of the defendant. *See, e.g., State v. Zamno*, 299 Or App 270, 271, 450 P3d 57 (2019) (citing cases). Defendant asserts that preservation of her arguments is not required because the errors appeared in the first instance in the judgment. *See State v. Rhamy*, 294 Or App 784, 785, 431 P3d 103 (2018) (preservation not required when error appears for the first time in the judgment). The state concedes the errors and agrees that preservation is not required in this circumstance. We agree and accept the concession.

In Case Nos. 17CR69533 and 18CR55214, reversed and remanded for resentencing; otherwise affirmed. In Case Nos. 060102, 16CR38161, 18CR05064, 18CR59678, and 18CR28778, affirmed.