Argued and submitted July 20; remanded for resentencing, otherwise affirmed
October 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER JAMES BATES,
*Defendant-Appellant.*

Washington County Circuit Court
19CR64959; A172732

500 P3d 746

Defendant, who pleaded guilty to private indecency and was sentenced to probation, argues that the trial court erred in imposing a special condition of probation in the judgment that it had not announced in open court at sentencing. The state argues that the appeal is moot because, following a probation hearing, the trial court entered a judgment finding defendant in violation and continuing him on probation. *Held*: The trial court erred when it included probationary terms in the judgment that it had not announced in open court at sentencing. In concluding that defendant's appeal is not moot, the Court of Appeals overruled *State v. Nguyen*, 298 Or App 139, 455 P3d 390 (2019). *Nguyen* is "plainly wrong" insofar as it suggests that the existence of an unappealed probation violation judgment is, in and of itself, determinative of mootness or that the party asserting mootness need not make any further showing.

Remanded for resentencing; otherwise affirmed.

Andrew Erwin, Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Sercombe, Senior Judge.

DeHOOG, J.

Remanded for resentencing; otherwise affirmed.

**DeHOOG, J.**

Defendant, who pleaded guilty to private indecency and was sentenced to probation, argues that the trial court erred in imposing a special condition of probation in the judgment that it did not announce in open court at sentencing. The state does not address the merits of defendant's argument, but instead argues that defendant's appeal is moot because the trial court subsequently entered a judgment finding defendant in violation of—and continuing—his probation. Defendant replies that his appeal is not moot. For the reasons that follow, we agree with defendant that his appeal is not moot. As to the merits, we conclude that the trial court erred in imposing a condition in the judgment that it did not announce in open court. Accordingly, we remand for resentencing.

The pertinent facts are not in dispute. After the court accepted defendant's guilty plea, it proceeded to sentence defendant to a probationary sentence in accordance with the parties' stipulated sentencing recommendations. The prosecutor described the underlying offense and explained that defendant and the victim lived in the same apartment complex. The court asked whether defendant's release agreement barred him from the apartment complex. The parties indicated that the release agreement prohibited defendant from being within 100 yards of the victim, and that, although he still lived in the apartment complex, his apartment was not within 100 yards of the victim's apartment. The court responded, "I'm not going to be okay with him living there," and asked the parties whether they needed to renegotiate their agreement in light of that. Defense counsel responded that defendant understood and wanted to go forward with sentencing. In announcing the probationary terms, the court told defendant that he was to have "absolutely, positively no contact with the victim" and that he "cannot reside at this apartment complex due to the nature of these offenses." The written judgment additionally provides that defendant may not "enter onto the premises, or within 100 yards, of where the victim(s) resides, place of employment, attends school, daycare, or motor vehicle without the prior written permission of the supervising officer."

Defendant argues on appeal that the written condition of probation was erroneous to the extent that it placed additional prohibitions on him that the trial court did not announce at sentencing. Defendant is correct that imposing conditions of probation in a judgment that have not been announced in open court at sentencing constitutes reversible error generally entitling a defendant to resentencing; in fact, the state often concedes such errors. *See, e.g.*, *State v. Reed-Hack*, 313 Or App 728, 495 P3d 196 (2021); *State v. Keen*, 304 Or App 89, 466 P3d 95 (2020). Further, under those circumstances, a defendant is not required to preserve an argument in the trial court, because the error appears for the first time in the judgment. *See State v. McLaughlin*, 307 Or App 368, 369, 476 P3d 987 (2020) (so noting, citing cases).

In the present case, the state does not dispute that the error occurred; rather, it argues that defendant's appeal is moot "because the court since has continued probation on its original terms in a new judgment that defendant has not appealed." The state asserts that, because defendant did not appeal the judgment continuing probation, "any relief that this court could grant as to the original judgment would provide no effective relief with respect to the challenged condition." The state notes that an appeal becomes moot when a decision will no longer have a practical effect on the rights of the parties and, under the rationale of *State v. Nguyen*, 298 Or App 139, 455 P3d 390 (2019), argues that this case is moot because, "even if this court reversed and remanded the judgment on appeal, the new judgment that re-imposed the special conditions would remain in place." In support of its mootness argument, the state has provided us with a copy of a probation-violation judgment entered after this appeal was underway that indicates that defendant admitted to having violated his probation and that "probation is continued."[1]

In his reply brief, defendant contends that his appeal is not moot. In support of that argument, defendant first observes that, to the extent that the state is suggesting that he was required to appeal from the later judgment continuing

---

[1] The transcript of the probation-violation hearing is not in the record on appeal, nor did the state provide it in support of its contention that the case is moot. It relies solely on the existence of the judgment continuing defendant's probation to support its argument.

probation to keep the case from becoming moot, that would have been impossible because, under ORS 138.035(3),[2] that judgment was not appealable. *See generally State v. Hunt*, 307 Or App 71, 476 P3d 530 (2020), *rev den,* 367 Or 559 (2021) (probation-violation orders continuing probation, imposing sanctions, and providing a date for completion of community service were not appealable because they did not impose new or modified conditions of probation). Defendant further observes that the probation-violation judgment on which the state relies does not purport to reimpose the previously imposed conditions of probation. Thus, he argues, if the original judgment were to be reversed and remanded for resentencing to omit the challenged condition, the probation-violation judgment would not have any independent, continuing vitality, such that defendant would be subject to the challenged probation term based on the probation-violation judgment alone. Given those observations, defendant contends—and clearly posited at oral argument on appeal—the rationale of *Nguyen* is incorrect.[3]

Because defendant makes several compelling points, we conclude that a closer look at *Nguyen*, the case on which the state relies, is in order. In *Nguyen*, as in this case, the defendant challenged special conditions of probation on the ground that they had not been announced in open court at sentencing. 298 Or App at 140. The state responded that the case was moot because a later probation-violation judgment had continued the defendant's probation. *Id.* In its briefing on appeal, the state made three basic points.[4] First, the state suggested, if the conditions had been orally

---

[2] ORS 138.035(3) provides:

"A defendant may appeal a judgment or order extending a period of probation, imposing a new or modified condition of probation or of sentence suspension, or imposing or executing a sentence upon revocation of probation or sentence suspension."

[3] And, as discussed more fully below, although the state still maintains that this case is moot, it made some concessions at oral argument, including acknowledging that the subsequent probation-violation judgment was not appealable.

[4] Although we typically take our previous decisions at face value without delving into their underlying briefing or records for clues as to their reasoning, the present case warrants at least some consideration of those matters. *Nguyen* is a *per curiam* decision that does not explain its rationale, it established new precedent, and we now contemplate overruling it. Under those circumstances, a more complete understanding is warranted.

announced at the later probation-violation hearing, the "oral pronouncement cured—or at least overrode—any error in the original judgment." Second, the state added, if the oral pronouncement at the probation-violation proceeding did not cure the problem, the "defendant had [a] right to appeal [the probation-violation] judgment but has not done so." Finally, the state asserted, "[i]n any event, because [the defendant] is subject to the new judgment, any relief that defendant could receive in this appeal based on the manner in which the original condition was imposed would have no effect."[5] The two-paragraph *per curiam* decision in *Nguyen* appears to accept, without written analysis, each of the state's premises, concluding:

> "Here, in light of the unchallenged judgment in which the court re-imposed the same special probation conditions that defendant challenges on appeal, a decision of this court regarding the propriety of the way by which those conditions were initially imposed would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions."

298 Or App at 140.

On further examination, we conclude that, particularly in light of more recent cases examining these issues in more depth, the propositions that the state asserted and we adopted without explicit analysis in our *Nguyen* decision do not establish that an appeal such as this one is moot. We first consider the assumption in *Nguyen* that the defendant could have (and should have) appealed the probation-violation judgment that continued her probation in order to maintain her challenge on appeal. The probation-violation judgment in *Nguyen* included a checked box labeled "continued on probation," another checked box labeled "comply with previously imposed conditions of probation," and the written imposition of a 20-day jail sanction.

In *Hunt*, we examined at length whether probation-violation orders that continued probation but imposed monetary and jail sanctions were appealable as imposing "new or modified condition[s] of probation" under ORS 138.035(3).

---

[5] The defendant in *Nguyen* did not respond to the state's assertion that her appeal was moot for those reasons.

*Hunt*, 307 Or App at 77. Ultimately, we concluded that "the legislature did not intend for 'condition of probation,' as that phrase is used in ORS 138.035(3), to include 'sanctions' imposed by the court for violating conditions of probation." *Id*. We went on to consider whether a provision in a probation-violation order that modified the deadline for completing previously ordered community-service hours constituted a modification of a condition of probation, concluding that "we understand changing the deadline that community service must be completed by to be modification of a sanction, [ ] not modification of a condition of probation." *Id*. at 81. We agree with defendant that our conclusion in *Hunt* calls into question the underlying assumption in *Nguyen* that a subsequent probation-violation judgment that continued probation on the same terms and imposed a jail sanction was appealable, and, as noted, the state conceded at oral argument in this case that the subsequent probation-violation judgment would not have been appealable under ORS 138.035(3).

That conclusion, however, does not resolve the issues presented here. While it undermines the assumption in *Nguyen* that the appealability of the subsequent probation-violation judgment informs the mootness inquiry, it does not resolve the question of whether, or when, a subsequent probation-violation proceeding renders a challenge to a condition of probation moot. To tackle that question, we must first scrutinize the third unexamined proposition that we accepted in *Nguyen*—that "a decision of this court regarding the propriety of the way by which [probation] conditions were initially imposed would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions" under the unappealed probation-violation judgment. 298 Or App at 140. That proposition is reiterated by the state in its answering brief in the present case, where it argues that, "even if this court reversed and remanded the judgment on appeal, the new judgment that re-imposed the special conditions would remain in place." The state's understanding appears to be based on the assumption that, because the probation-violation judgment continuing probation remains in effect while the case is on appeal, there is no point in resentencing the defendant due to an error in the

original judgment because the court on remand would be unable to alter the challenged condition on resentencing due to the existence of the unappealed probation-violation judgment.[6] That, in turn, might suggest that, to obtain actual relief from the unlawfully imposed condition, defendant would have had to appeal both judgments and obtained a reversal of the probation-violation judgment (or both the original judgment *and* the probation-violation judgment), even though the court's error solely concerned the original judgment.

The error in that reasoning is that it rests on the assumption that a probation-violation judgment is, in effect, a judgment that fully resentences the defendant, supplanting the original judgment insofar as its sentencing provisions are concerned. That is an erroneous assumption. As defendant notes, under ORS 137.071(2)(g), a judgment document in a criminal action is one that "[s]pecif[ies] clearly the court's disposition, including all legal consequences the court establishes or imposes," including imprisonment, monetary obligations, terms and conditions of probation, etc., "and all other sentences and legal consequences imposed by the court." A probation-violation judgment such as the one in this case or the one in *Nguyen* does not clearly specify all of the legal consequences of a conviction. Not only do those judgments not set forth the conditions of probation, they also do not even indicate the length of the probation being continued. They are, in effect, dependent on, not independent of, the original judgment in which probation and probationary conditions are imposed.

Our decision in *State v. Dennis*, 303 Or App 595, 464 P3d 518 (2020), bears out that conclusion. In *Dennis*,

---

[6] The state appeared to retreat somewhat from that position at oral argument in the present case. It maintained, however, that resentencing would have "no practical effect" because, as we understand the argument, defendant had raised no substantive objection to the challenged condition and the court would likely reimpose it in any event. That argument, however, could be made in any of the numerous cases in which we have remanded for resentencing due to an error in failing to announce a condition in open court. It provides no support for a conclusion that a case is moot. Rather, that argument is more akin to a harmless error argument, and we have rejected such arguments in cases where the court fails to announce a sentencing provision. *See, e.g.*, *State v. Macy*, 312 Or App 234, 238, 492 P3d 1277 (2021) (court's failure to announce imposition of fee in open court was not harmless because the defendant lost the opportunity to make an argument in support of suspension of fee).

the trial court placed the defendant on probation subject to numerous conditions that it announced in open court, but the written judgment imposed several additional fees that the court had not announced. 303 Or App at 596. The defendant appealed, challenging the belated imposition of those fees. *Id*. at 597. As it did in this case and in *Nguyen*, the state contended that the appeal was moot because the court had subsequently entered a judgment finding a probation violation and the defendant had not appealed that judgment. *Id*. Thereafter, the defendant did in fact appeal from the probation-violation judgment, and we consolidated the two appeals. *Id*. at 598-99. We rejected the state's mootness argument:

> "With respect to mootness, we are unpersuaded that the appeal [of the original judgment] is moot. Although the trial court continued the terms of probation in a later judgment entered in September 2019, it did not impose the terms anew. Indeed, the trial court expressly *declined* to 'reiterate the fines and fees after the fact,' as the state had requested, and instead simply continued the terms of probation. Under the circumstances, the appeal is not moot."

*Dennis*, 303 Or App at 597 (emphasis in original). With respect to the appeal of the probation-violation judgment, we stated:

> "We consolidated [the original and probation violation] appeals at defendant's request. It appears that defendant appealed the [probation violation] judgment *out of an excess of caution*, because of the state's mootness argument regarding the first appeal. Given our disposition and the lack of any assignment of error with respect to the [probation violation] judgment, we affirm that judgment."

*Id*. at 598-99 (emphasis added). Accordingly, we "remanded for resentencing" in the initial appeal in *Dennis* based on the court's failure to announce the challenged conditions at sentencing, and we affirmed the later probation-violation judgment. *Id*. at 599.

Several things are apparent from *Dennis*. First, we clearly did not view the subsequent probation-violation judgment as essentially a stand-alone judgment that supplanted the sentencing provisions of the original judgment. If we

had viewed it that way, we would likely have recognized that the resentencing we ordered as to the original judgment was meaningless because the unreversed probation-violation judgment would continue to subject the defendant to the original probation conditions, including the erroneous ones. Thus, to the extent that *Nguyen* stands for the proposition that the existence of a later probation-violation judgment that maintains the previously imposed conditions of probation precludes relief from those conditions on resentencing, it cannot be reconciled with *Dennis*.

Nor can *Dennis* be viewed as holding that, to obtain relief from an erroneous term of probation, a defendant must appeal both the original judgment imposing that term and a subsequent probation-violation judgment. That is so for two reasons: First, we described the defendant's appeal from the probation-violation judgment there as being undertaken in "an excess of caution," *id.*, implying that it was unnecessary. Second, and more importantly, were the state's underlying assumption in these cases correct, that a later probation-violation judgment essentially supplanted the original, it would have been necessary in *Dennis* to *reverse* rather than *affirm* the later judgment for the defendant to obtain effective relief on resentencing. We did not do that in *Dennis*; rather, we left the probation-violation judgment in effect, and reversed only the original judgment and remanded for resentencing to allow the trial court to correct the error that occurred with respect to the terms of probation.

The state argues that *Dennis* supports, rather than undermines, its position. It argues that, in *Dennis*,

"[the] defendant had appealed from both judgments, and the appeals were consolidated; thus, both judgments were properly before this court. Moreover, the record of the later proceeding affirmatively showed that, at the later PV hearing, the trial court had declined the state's invitation to orally pronounce the probation conditions originally imposed, partly on the ground that defendant had already paid the financial obligations that he challenged. *** But, here, neither of those circumstances is present."

The state's suggestion that the fact that "both judgments were properly before this court" is material cannot be

reconciled with the statement in *Dennis* that the defendant's appeal of the probation-violation judgment there was done in "an excess" of caution; it also cannot be reconciled with the fact that, in *Dennis*, we did not disturb the probation-violation judgment when we remanded for resentencing based on the errors in the original judgment.[7]

That brings us to the state's other point—that in *Dennis*, the record of the probation-violation hearing affirmatively showed that the court *had not* corrected the original error during the probation-violation proceeding. We agree with the state that that may well be pertinent to the mootness analysis, but not in a manner that is helpful to the state here. An appeal becomes moot when a decision of the issue on appeal will have no practical effect on the rights of the parties. *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018). It is the party seeking dismissal on mootness grounds that must establish that a case is moot. *Id.* (citing *Brumnett v. PSRB*, 315 Or 402, 407, 848 P2d 1194 (1993)).

The state's assertions in *Nguyen* (repeated in *Dennis* and in this case), described above, essentially reverse that burden. In *Nguyen*, the state effectively suggested that an oral pronouncement of probation conditions at a later probation-violation hearing *might have* cured the error complained of on appeal; it went on to suggest that the case was moot because the defendant failed to establish that the error was repeated at the probation-violation hearing, which he needed to have done by appealing the resulting judgment. To the extent that the state was positing that something that happened in the trial court subsequent to the appeal mooted the appeal, it was the state's burden to make that showing; it was not sufficient for the state to posit that something *might have* occurred to render the appeal moot and leave it up to the defendant to show that it did not. As is clear from

---

[7] Moreover, the state's position, at least in the abstract, is hard to reconcile with the basic proposition that a challenge to the original imposition of a condition of probation is generally not something that a defendant may challenge by appealing from a judgment finding the defendant in violation of that condition. *See generally State v. Maack*, 270 Or App 400, 407, 348 P3d 265, *rev den*, 357 Or 743 (2015) (appellate courts will generally not "consider the validity of a probation condition in the context of an appeal from a probation-revocation proceeding that was based on the violation of the belatedly challenged condition").

*Dennis*, we can and will examine events that occur in subsequent probation-violation proceedings that are relevant to a mootness inquiry if those are brought to our attention. But we will not speculate about what may or may not have occurred at a subsequent proceeding or shift the burden to the opposing party to counter such speculation.

We recognize that things do occur regularly at subsequent probation-violation hearings—and may be embodied in subsequent probation-violation judgments—that moot an appeal challenging the imposition of a condition of probation. But mootness is not established by the mere existence of a subsequent probation-violation order or judgment, nor is it dependent on the appealability of the subsequent order or judgment under ORS 138.053(3). The focus is on the "practical effect." For example, in *State v. Lomack*, 307 Or App 596, 477 P3d 1222 (2020), the defendant appealed the addition of a new condition of probation. While the appeal was pending, the defendant committed a violation and the court revoked his probation in a judgment that, although it was appealable, he did not appeal. *Id.* at 598. We concluded that the appeal of the underlying judgment was moot because, "even if we were to agree with defendant that the no-contact condition should not have been imposed in the FIP case, defendant is no longer on probation, so the probation condition no longer applies." *Id.* at 599. Similarly, we held that a defendant's challenge to conditions of probation had become moot when she had "been discharged from probation, [was] no longer subject to the probation conditions that she challenge[d], and [had] not identified any persisting collateral effects of those conditions." *State v. Phillips*, 302 Or App 618, 632, 459 P3d 909, *rev den*, 366 Or 552 (2020). That conclusion, likewise, was not dependent on the existence, or the appealability, of a subsequent judgment.

Of course, there are also situations where a challenge to the imposition of a condition of probation can be moot even when a defendant remains on probation—for example, where the defendant in a subsequent probation-violation proceeding specifically agrees to abide by the probationary condition challenged in the appeal, or where the court makes a significant modification to the challenged

term. If a sufficient record is presented to this court by the party asserting mootness as to what happened in the subsequent proceeding, and if the opposing party does not identify sufficient collateral consequences to prevent the case from being moot, we will conclude that the case is moot. That decision may sometimes, but certainly not always, be based on the contents of a subsequent judgment, and whether that subsequent judgment is appealable or has been appealed is unlikely to be dispositive.

In sum, we conclude that the state has not demonstrated that the present appeal is moot. Its assertion of mootness rests solely on the presentation of a probation-violation judgment that indicates that probation is continued and does not modify the challenged terms of probation. If the specific circumstances of the probation-violation hearing that occurred in this case would render defendant's appeal moot, it was incumbent on the state to show that. It has not done so. To the extent that *Nguyen* suggests that the party asserting mootness need not make such a showing, or that the existence of an unappealed (or unappealable) probation-violation judgment is, in and of itself, determinative of mootness, we overrule it.

We do not undertake overruling of our prior case law lightly but do so only when we are able to conclude that a prior case is "plainly wrong." That standard is "a rigorous standard grounded in presumptive fidelity to *stare decisis*." *State v. B. A. F.*, 290 Or App 1, 3, 414 P3d 486 (2018). Under *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017), we examine "the dispositive substantive issue and our precedent's consideration of that issue, so that we can appreciate the reasoning that led us to the earlier conclusion." We cannot undertake such an examination "without an appreciation of what we did *not* address" in the prior case. *Id.* (emphasis in original). In *Civil,* we concluded that the prior case under scrutiny was "materially incomplete with respect to three fundamental considerations" relating to the statute it was interpreting. *Id.* at 407.

This case similarly reexamines "three fundamental considerations" embodied in the *Nguyen* decision. *Nguyen*, as noted above, was a two-paragraph *per curiam* decision that

presented no written analysis, but merely a one-sentence conclusion that "in light of the unchallenged judgment in which the court re-imposed the same special probation conditions that defendant challenges on appeal, a decision of this court regarding the propriety of the way by which those conditions were initially imposed would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions." 298 Or App at 140. We therefore are unable to appreciate the reasoning of that decision.

As for what it "did *not* address," *Civil*, 283 Or App at 406, as our discussion above indicates, *Nguyen* did not address (1) whether the state's assertion that the probation-violation judgment was appealable was correct; (2) whether the state was correct in its implicit assertion that the remand for resentencing to correct the erroneous term in the judgment would have no practical effect because the defendant would nonetheless be bound to the erroneous term due to the existence of the probation-violation judgment; and (3) whether the state was correct in its implicit assertion that defendant bore the burden of showing that nothing at the probation-violation hearing had mooted the appeal. Were those three points minor ones that were omitted on the way to reaching a well-reasoned conclusion in *Nguyen* that the appeal was moot, we would not necessarily conclude that *Nguyen* was "plainly wrong." Those three points, however, were not minor ones—they were the only three points on which the (admittedly opaque) conclusion of mootness rested in *Nguyen*.

Moreover, as explained at length above, in addition to the fact that the first point seems doubtful in light of the in-depth analysis of appealability in *Hunt*, the assumption in *Nguyen* that resentencing would have no practical effect in light of the existence of the probation-violation judgment cannot be reconciled with either the analysis or the result in *Dennis*, which contained a more complete discussion of the issue. Thus, although it is not specifically addressed as a consideration in *Civil*, the analysis above makes clear that *Nguyen* directly or indirectly conflicts with other cases, which leads to unnecessary confusion, an excess of litigation, and potentially inconsistent results. For those reasons,

we conclude that *Nguyen* was plainly wrong and should be overruled.[8]

To summarize, this case is not moot. Defendant is correct that the court included probationary terms in the judgment that were not announced in open court at sentencing. That error entitles defendant to resentencing. *See generally State v. Anotta*, 302 Or App 176, 178, 460 P3d 543, *rev den*, 366 Or 552 (2020) (appropriate remedy when court improperly imposes conditions of probation in judgment that were not announced at sentencing is remand for resentencing).

Remanded for resentencing; otherwise affirmed.

---

[8] Because this opinion overrules our existing precedent, the panel specifically advised all members of the court of the effect of its decision, but neither the Chief Judge nor a majority of the regularly elected or appointed judges referred, under ORS 2.570(5), the cause to be considered *en banc*.