Submitted October 27; remanded for resentencing, otherwise affirmed
November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAISY RACHEL HENDERSHOT,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR56433; A173217

499 P3d 892

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant, who was convicted of driving while suspended, ORS 811.182, and harassment, ORS 166.605, and sentenced to probation, argues on appeal that the trial court erred in imposing several conditions of probation. The disputed conditions of probation are that defendant not purchase firearms; that she not associate with any person known to use, sell, manufacture, deliver, or possess unlawful controlled substances or narcotics, including marijuana; and that she not knowingly be present at any place where unlawful controlled substances are used, kept, sold, grown, manufactured, or distributed. Defendant argues that the trial court erred in including those conditions in the written judgment because they were not announced in open court at sentencing; she also argues that they are impermissible conditions because they are not reasonably related to her crimes.

The state first responds that defendant's appeal is moot because the trial court subsequently entered judgments finding defendant in violation of her probation and continuing the probation, relying on our decision in *State v. Nguyen*, 298 Or App 139, 445 P3d 390 (2019). We reject that argument for the reasons set forth in *State v. Bates*, 315 Or App 402, 500 P3d 746 (2021) (overruling *Nguyen*). The state alternatively posits that, if this case is not moot, then the trial court erred in failing to announce the disputed conditions in open court and the case should be remanded on that ground, so there is no reason for us to address defendant's substantive challenges to the conditions of probation in the first instance. We agree that, under the circumstances in this case, the issues concerning the challenged conditions of probation should be left for the trial court to address in the first instance on resentencing. *See generally State v. Anotta*, 302 Or App 176, 178, 460 P3d 542 (2020) (reaching similar conclusion).

Remanded for resentencing; otherwise affirmed.