On appellant's petition for reconsideration filed July 22, 2021; reconsideration allowed, former disposition (313 Or App 153, 490 P3d 190) withdrawn, reversed and remanded for resentencing, otherwise affirmed February 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE HERNANDEZ FLORES,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CR22625; A172701

505 P3d 507

Defendant seeks reconsideration of the per curiam decision dismissing his appeal. *State v. Flores*, 313 Or App 153, 490 P3d 190 (2021). In that decision, the Oregon Court of Appeals accepted the state's argument that defendant's challenge to conditions of probation was moot because of the existence of a subsequent judgment that continued probation on the same terms as the one that is the subject of this appeal. The court reasoned that since defendant did not appeal the subsequent judgment continuing probation, a decision regarding the propriety of those conditions could have no practical effect and his appeal was therefore moot under *State v. Nguyen*, 298 Or App 139, 445 P3d 390 (2019). On reconsideration, defendant asserts that the court erred in applying the law when it dismissed his appeal as moot. He argues that a reversal of the probation conditions challenged in this appeal would change the probation conditions referenced in the later judgment, thus granting relief. He also argues that it is not clear that the subsequent judgment was in fact appealable, and that, therefore, it was not clear that he could have challenged the conditions in an appeal of that subsequent judgment. *Held*: The court concluded that defendant's appeal was not moot and granted reconsideration. As to the merits, the trial court erred in imposing all of the challenged probation conditions.

Reconsideration allowed; former disposition withdrawn; reversed and remanded for resentencing; otherwise affirmed.

Daniel J. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Reconsideration allowed; former disposition withdrawn; reversed and remanded for resentencing; otherwise affirmed.

## ORTEGA, P. J.

Defendant seeks reconsideration of our per curiam decision dismissing his appeal. *State v. Flores*, 313 Or App 153, 490 P3d 190 (2021). We accepted the state's argument that defendant's challenge to conditions of probation was moot because of the existence of a subsequent judgment that continued probation on the same terms as the one which is the subject of this appeal. We noted that defendant did not appeal the subsequent judgment continuing probation and concluded that a decision regarding the propriety of those conditions could have no practical effect and that this appeal was therefore moot under *State v. Nguyen*, 298 Or App 139, 445 P3d 390 (2019).[1]

On reconsideration, defendant asserts that we erred in applying the law when we dismissed his appeal as moot. He argues that a reversal of the probation conditions challenged in this appeal would change the probation conditions referenced in the later judgment, thus granting relief. He also argues that it is not clear that the subsequent judgment was in fact appealable, and that therefore it was not clear that he could have challenged the conditions in an appeal of that subsequent judgment. For the reasons that follow, we agree with defendant that his appeal was not moot, so we grant reconsideration to correct that error. As to the merits, we conclude that the trial court erred in imposing all of the challenged probation conditions. We therefore grant reconsideration, withdraw our former disposition, reverse and remand for resentencing, and otherwise affirm.

The pertinent facts are not in dispute. Defendant was charged with driving under the influence of intoxicants (DUII) on the basis that he "unlawfully drove a vehicle upon a premises open to the public while under the influence of intoxicating liquor." He pleaded guilty to the charge,

---

[1] *Nguyen* held,

"in light of the unchallenged judgment in which the court re-imposed the same special probation conditions that defendant challenges on appeal, a decision of this court regarding the propriety of the way by which those conditions were initially imposed would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions."

298 Or App at 140.

agreeing with the court that he was "driving a vehicle when [he was] under the influence of alcohol" and entered diversion. As part of defendant's "petition and agreement" to enter diversion, he agreed to "[c]omplete an alcohol and drug abuse assessment and any recommended treatment," and "not use alcohol or other intoxicants," except pursuant to certain exceptions not relevant here. (Uppercase omitted.)

The trial court later revoked his diversion based on his admission that he had consumed alcohol during the period of diversion. At defendant's sentencing, the state requested that the court impose, in addition to an "alcohol package," a "drug package" that included, among other conditions, that defendant not use or possess any controlled substances, including cannabis; not possess any drug paraphernalia, including smoking devices; not associate with any person known to use, sell or possess controlled substances; and not frequent places where illegal drugs or narcotics are used, sold, or kept. Defendant objected to the imposition of those conditions reasoning that those conditions were not reasonably related to his DUII conviction, which only involved alcohol and did not involve other substances. The state responded that "intoxicants are intoxicants." The court took a similar view stating,

> "That's *** evident from the legislative intent with the diversion package that *** intoxicants are intoxicants. And so unless he's got a prescription for marijuana now, he'd be prohibited from all uses of narcotics."

The court sentenced defendant to 36 months of probation, and, among other conditions, it imposed an "alcohol package"[2] and "drug package,"[3] which contained all of the state's

---

[2] The alcohol package, in relevant part, ordered that defendant shall

"1. Not consume or possess alcoholic beverages or non-prescription drugs.

"2. Not enter or frequent any establishment whose primary income is derived from the sale of alcoholic beverages.

"3. Undergo an alcohol evaluation and shall enter and complete an approved certified alcohol treatment program, including inpatient treatment (if necessary), comply with all follow-up treatment and pay all costs required."

[3] The drug package, in relevant part, ordered that defendant shall

"1. Not use or possess any controlled substances. If on formal probation, the defendant shall notify probation officer of any prescriptions given by a doctor.

"2. Not possess any drug paraphernalia, including smoking devices.

requested drug-package conditions. The judgment contained a written notation that "controlled substances includes cannabis." (All uppercase omitted.) On appeal, defendant challenges, on the same basis as he argued below, the court's imposition of certain drug-package conditions.

After defendant filed his opening brief, the trial court found him in violation of probation based on his admission that he had failed to pay financial obligations. The court entered a judgment continuing probation "on [the] same terms/conditions of [the] original sentence" and imposed an additional 40 hours of community service. In its answering brief, filed after entry of that judgment, the state argued that defendant's appeal was moot because the challenged probation conditions were "re-imposed" in the subsequent judgment, which defendant did not appeal.

We dismissed defendant's appeal as moot, relying on *Nguyen*, 298 Or App at 140. We held that, because "the trial court entered the same special conditions of probation" in the later judgment, defendant would continue to be subject to those conditions even if his appeal was successful. *Flores*, 313 Or App at 154. Defendant now seeks reconsideration of that dismissal.

On reconsideration, defendant asserts that we relied on two faulty premises when we dismissed his appeal as moot. First, defendant contends that we erroneously penalized him for failing to appeal a judgment that may not have been appealable. Second, he argues that the later judgment does not "reimpose" the challenged probation conditions, but merely continues the conditions set out in the original judgment, which are the subject of this appeal. He contends that a reversal of the probation conditions challenged here will change the probation conditions referenced in the later judgment.

---

"3. Not associate with any person known to use, sell or possess controlled substances.

"4. Not frequent places where illegal drugs or narcotics are used, sold, or kept.

"* * * * *

"Other: 'Controlled substances' includes cannabis."

(Uppercase omitted.)

We first discuss mootness. We will dismiss a case if it has become moot. *Dept. of Human Services v. B. A.*, 263 Or App 675, 678, 330 P3d 47 (2014). That happens if "resolving the merits of a claim will have no practical effect on the rights of the parties." *State v. Langford*, 260 Or App 61, 66, 317 P3d 905 (2013) (internal quotation marks omitted). "[T]he record must show more than a 'mere possibility' that collateral consequences will occur," *id.*, and here, the state bears "the burden of establishing that any collateral consequences either do not exist or are legally insufficient." *State v. K. J. B.*, 362 Or 777, 786, 416 P3d 291 (2018); *see also Dept. of Human Services v. A. B.*, 362 Or 412, 426-27, 412 P3d 1169 (2018) ("An appeal is not moot unless the party moving for dismissal persuades the appellate court that the dismissal is warranted."). As we will explain, on reconsideration, we are not persuaded that the dismissal was warranted.

First, we agree with defendant's first contention that we erroneously penalized him for failing to appeal the later judgment. *See State v. Bates*, 315 Or App 402, 414, 500 P3d 746 (2021) (describing why a similar judgment continuing probation on the same terms was not appealable). ORS 138.035(3) allows a defendant to appeal a judgment extending probation or imposing a new or modified condition of probation. However, a probation violation judgment imposing sanctions and continuing probation does not qualify as an appealable judgment under ORS 138.035(3) because sanctions are not new or modified conditions of probation. *See State v. Hunt*, 307 Or App 71, 80-81, 476 P3d 530 (2020) (rejecting the contention that the imposition of sanctions constituted new or modified conditions of probation and also concluding that probation violation orders continuing probation, imposing sanctions, and providing a date for completion of community service were not appealable because they did not impose new or modified conditions of probation); *see also Bates*, 315 Or App at 413 (concluding that the trial court imposing a probation violation judgment that continued probation and did not modify the challenged terms of probation did not render the defendant's appeal of the special condition moot).

Based on our analysis of ORS 138.035(3) in *Hunt*, the probation violation judgment on which the state relied in

*Nguyen* would not have been appealable, so the assumption on which *Nguyen* was premised was faulty. Thus, we overruled *Nguyen* in *Bates. Bates*, 315 Or App at 413. Likewise, here, the later judgment in this case is not appealable under ORS 138.035(3). The original judgment placed defendant on 36 months' probation and set the terms of that probation. The later judgment on which the state relies for its mootness argument indicates that it is a "judgment order finding [a probation violation]; probation continues," and does not indicate that probation is being modified but instead that probation is "[c]ontinued on the same terms/conditions of the original sentence."

Next, we address defendant's argument that the later judgment does not reimpose the challenged probation conditions, but merely continues the conditions set out in the original judgment that is challenged in this appeal. We took the view in *Nguyen*, and reiterated in *Flores*, that correcting an erroneous probationary term "would have no practical effect because, in any event, defendant would continue to be subject to the identical conditions" due to the existence of a later probation violation judgment continuing probation. *Nguyen*, 298 Or App at 140; *Flores*, 313 Or App at 153. If that were true, then, to be relieved of the condition, defendant would need to have appealed both judgments, and we would need to reverse both; however, that proposition is at odds with *State v. Dennis*, 303 Or App 595, 464 P3d 518 (2020), as we explained in *Bates*, 315 Or App at 409-10.

In *Dennis,* the defendant challenged a condition of probation in the original judgment that had not been announced in open court. In response to the state's argument that the existence of a later probation violation judgment rendered the case moot, the defendant, in "an excess of caution," 303 Or App at 599, appealed the probation violation judgment. We reversed the original judgment and remanded for resentencing, but *affirmed* the probation violation judgment. *Id.* We reasoned,

> "With respect to mootness, we are unpersuaded that the appeal [of the original judgment] is moot. Although the trial court continued the terms of probation in a later judgment * * *, it did not impose the terms anew. Indeed, the trial court expressly *declined* to 'reiterate the fines and fees

> after the fact,' as the state had requested, and instead simply continued the terms of probation. Under the circumstances, the appeal is not moot."

*Id.* at 597 (emphasis in original). *Dennis* indicates that we did not view the subsequent probation violation judgment as a stand-alone judgment that supplanted the sentencing provision of the original judgment. Similarly in *Bates*, we concluded that, "to the extent that *Nguyen* stands for the proposition that the existence of a later probation violation judgment that maintains the previously imposed conditions of probation precludes relief from those conditions on resentencing," it could not be reconciled with *Dennis*. *Bates,* 315 Or App at 410.

Here, the subsequent judgment likewise did not impose terms anew. Rather, it simply checked a box to continue probation "on [the] same terms/conditions of [the] original sentence." The state's argument, and our original conclusion, that granting defendant the relief he seeks in this appeal would have "no practical effect" is at odds with our prior case law. *See id.* at 414. A decision by us that the trial court erred in imposing the challenged conditions of probation would relieve defendant of his obligation to comply with those conditions, regardless of the existence of the later judgment continuing the probation terms. Accordingly, our prior conclusion that the case is moot was in error.

We turn to the merits and address whether the trial court erred in imposing certain conditions of the drug package. Specifically, defendant challenges the court's imposition of the conditions that he "not use or possess any controlled substances," which the court ordered to include cannabis; "not possess any drug paraphernalia, including smoking devices"; "not associate with any person known to use, sell, or possess controlled substances"; and "not frequent places where illegal drugs or narcotics are used, sold or kept." Defendant asserts that there was no factual record to support imposition of those drug-related conditions, because he was convicted of an alcohol-related DUII and nothing in the record demonstrated that defendant used drugs.

The state disagrees. According to the state, those conditions were lawfully imposed as special probation conditions,

because the crime of conviction, DUII, prohibits driving while under the influence of *any* intoxicant. Therefore, according to the state, because defendant uses alcohol, which is an intoxicant, a condition that prohibits defendant from using all intoxicants is reasonably related to the crime of conviction. Further, the state contends that the conditions would benefit defendant's rehabilitation by preventing him from using or having access to alternative substances while he was prohibited from using alcohol and are not more restrictive than necessary for defendant's reformation and protection of the public. Alternatively, with regard to the condition that defendant not "use or possess controlled substances," the state contends, in what is effectively a request that we affirm on an alternative basis, that, because that condition is consistent with one of the general conditions of probation as set forth in ORS 137.540(1)(b), the court lawfully imposed that condition. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001) (explaining right for the wrong reason doctrine).

We review the court's imposition of probation conditions for errors of law. *State v. Borders*, 293 Or App 791, 793, 429 P3d 1067 (2018). "ORS 137.540(1) provides a list of general conditions of probation to which probationers are subject 'unless specifically deleted by the court.'" *Hunt*, 307 Or App at 74 (quoting ORS 137.540(1)(b)). One of those general conditions is that a defendant "[n]ot use or possess controlled substances except pursuant to a medical prescription." ORS 137.540(1)(b). ORS 137.540(2) gives the trial court discretion to impose "any special conditions of probation that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer." We have interpreted ORS 137.540(2) to require that a special probation condition be "(1) reasonably related to the crime of conviction or the needs of the defendant, *and* (2) imposed for the protection of the public or reformation of the offender or both." *Borders,* 293 Or App at 794 (emphasis in original). Although a court has broad discretion to impose special conditions, "the conditions cannot be more restrictive than necessary to achieve the goals of probation," and there must also be a factual

record to support the imposition of a special condition. *State v. Gaskill*, 250 Or App 100, 103, 279 P3d 275 (2012).

Here, as a preliminary matter, we note that, contrary to the court's notation on the judgment, cannabis is not a "controlled substance" within the meaning of ORS 137.540(1)(b). *See State v. Heaston*, 308 Or App 694, 697-703, 482 P3d 167 (2021) (so concluding). Therefore, we address whether the court could lawfully prohibit defendant from using or possessing cannabis as separate from the condition that defendant does not use or possess controlled substances. With that in mind, again, the challenged probation conditions are that defendant not use or possess controlled substances; that defendant not use or possess cannabis; that he not possess any drug paraphernalia, including smoking devices; that he not associate with any person known to use, sell, or possess controlled substances; and that he not frequent places where illegal drugs or narcotics are used, sold, or kept. We conclude that the trial court did not have the authority to impose those conditions as special conditions of probation and, therefore, erred in imposing them.[4]

To begin, it is undisputed that defendant's DUII conviction and the related incident did not involve cannabis or controlled substances; it involved only alcohol. Therefore, nothing in the factual record establishes that the drug-related conditions at issue here reasonably relate to the crime of conviction for an alcohol-related DUII where drugs played no part in the criminal incident. It is true, as the state argues, that the crime of DUII prohibits driving while under the influence of "intoxicants," which include, alcohol, controlled substances, and cannabis. *See* ORS 813.010 (providing that a person may be convicted of DUII if under the influence of "intoxicating liquor, cannabis, psilocybin, a controlled substance or an inhalant"). However, it does not follow

---

[4] We note that the court did not indicate, either orally or in the judgment, whether it was imposing any particular condition as a general or special condition, or the specific statute under which the court was exercising its authority. However, with one exception that we address later, because the challenged conditions are not contained in the enumerated list of general conditions that are authorized under ORS 137.540, we assess, as the parties do, whether the challenged conditions were lawfully imposed as special conditions under ORS 137.540(2).

that a probation condition restricting a defendant's use of *all* of the intoxicants listed in the DUII statute reasonably relates to the defendant's *crime of conviction*, regardless of which intoxicant supported the defendant's DUII conviction or whether a particular intoxicant was involved in the incident underlying the conviction. Whether a special probation condition is reasonably related to the crime of conviction does not depend on whether the condition reasonably relates to any of the statutory theories under which the state could have proceeded but did not, regardless of whether those theories had any bearing on the facts underlying defendant's actual conviction. Rather, a condition is reasonably related to a defendant's crime of conviction when—in looking at the facts underlying the incident supporting the conviction— the special condition bears some relationship to those facts. *See State v. Mack*, 156 Or App 423, 429, 967 P2d 516 (1998) (concluding that there was an insufficient factual record to establish a reasonable relationship between the imposition of sex-offender probation conditions and the defendant's convictions for assault and criminal mistreatment; although the evidence established that the victim's injuries were to an intimate area, there was no evidence to establish that the defendant inflicted those injuries with a sexual purpose); *State v. Qualey*, 138 Or App 74, 78, 906 P2d 835 (1995) (overturning a probation condition that prohibited the defendant, who was convicted of assault, from using intoxicants where "there appear[ed] to be no connection between [the] defendant's inability to control his temper and his possession or consumption of intoxicants"). Because defendant's conviction and related incident did not involve the use of cannabis or controlled substances, there was no factual record to support a determination that the drug-related conditions reasonably related to his crime of conviction.

Further, the factual record does not support a determination that the conditions reasonably relate to defendant's needs or that they were imposed to protect the public or aid in defendant's reformation. It is undisputed that defendant's diversion was revoked as a result of alcohol use, his crime of conviction involved only alcohol, and nothing in the record established that defendant uses cannabis or controlled substances. It is not reasonable to infer, without a factual

record to support it, that a person who uses alcohol also uses cannabis or controlled substances. Therefore, nothing in the record supports a determination that the challenged conditions, which are tailored to persons who use or abuse cannabis or controlled substances, are reasonably related to defendant's needs, or that they were imposed for the protection of the public or reformation of defendant. *See State v. Worthy*, 302 Or App 140, 143-44, 460 P3d 545 (2021) (concluding that a special probation condition prohibiting the defendant, who was convicted of fleeing or attempting to elude police and recklessly endangering another person, from using or possessing marijuana or cannabis products, was not reasonably related to the defendant's mental health condition or imposed for the protection of the public or reformation of the defendant; although the defendant "acknowledged that he had been depressed at the time of the arrest and that he had sought and would seek mental health treatment, * * * nothing in the record supports any connection between marijuana use and a past incident of feeling depressed or [the] defendant's past or future participation in mental health treatment"); *Borders*, 293 Or App at 792, 795-96 (concluding that special conditions of probation that prohibited the defendant, who was convicted of driving while suspended, from using or possessing alcohol and required attendance at a DUII victim's impact panel, were not reasonably related to the defendant's needs or imposed to protect the public or aid in the defendant's reformation because the offense did not involve alcohol); *Gaskill*, 250 Or App at 103 (overturning special probation condition that prohibited the defendant, who was convicted of sexual abuse of an adult, from contacting minors, where there was "no connection between [the] defendant's unlawful sexual conduct and his relationship to minors"). As the Supreme Court has explained, ordering special probation conditions for rehabilitative purposes

> "encompasses requiring a convicted offender to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps towards developing better patterns of behavior, but it does not give courts open-ended discretion to rearrange an offender's life."

*State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989). Here, because there is nothing in the factual record to show that

defendant uses controlled substances or cannabis, there is no reason to believe that defendant is at an increased risk of using alcohol or driving while under the influence of alcohol based on the use of cannabis or controlled substances, or that he will drive while under the influence of cannabis or controlled substances, such that imposing drug-related restrictions would reasonably relate to his needs or could be imposed for his reformation or the public's protection.

We also conclude that the conditions prohibiting defendant from "associat[ing] with any person known to use, sell or possess controlled substances" or "frequent[ing] places where illegal drugs or narcotics are used, sold or kept" are more restrictive than necessary to achieve the goals of defendant's probation. Because nothing in the factual record establishes that defendant uses controlled substances or has drug-related substance abuse issues, there is nothing to support a determination that restricting his association with persons who do use, sell, or possess controlled substances, or frequenting places where drugs are used, sold, or kept, will have any impact on his ability to comply with the goals of his probation—namely, that he abstain from consuming alcohol or driving while under the influence of alcohol. Therefore, those conditions are not reasonably tailored to defendant's probation goals. Restricting who a defendant is permitted to associate with and where a person is permitted to go is a significant burden to impose on individuals, especially for those from low-income or marginalized communities who often have very few housing options and may have no choice but to live with persons who may be suffering from drug addiction or have drug-related associations. For those reasons, it is even more important that courts ensure, before imposing those types of restrictions, that they are in fact necessary to achieve the goals of a defendant's probation. And, for the reasons already explained, they were not here.

In summary, ORS 137.540(2) did not authorize the court to impose any of the challenged conditions as special conditions of probation.

However, that does not end our inquiry because the state asks us to affirm the court's imposition of the probation condition that defendant "not use or possess any

controlled substances" on the alternative basis that ORS 137.540(1) authorized the court to impose that one condition as a general condition. We first conclude that this is an appropriate case for us to exercise our discretion to consider the state's alternative basis to affirm as "right for the wrong reason," which is a purely legal question that was not raised or considered by the trial court. *See Outdoor Media Dimensions Inc.*, 331 Or at 659-60 (providing that an appellate court may affirm the trial court's erroneous ruling as "right for the wrong reason" if certain conditions are met, including that the question is purely legal and "the decision of the lower court must be correct for a reason other than that upon which the lower court relied"). However, we do not agree with the state that the challenged condition was permissible on that basis.

When defendants are placed on probation, probationers are subject to the general conditions of probation without any additional factfinding "unless specifically deleted by the court." ORS 137.540(1). Further, a court is authorized to impose the general probation condition that defendants "[n]ot use or possess controlled substances *except pursuant to a medical prescription*." ORS 137.540(1)(b) (emphasis added). Here, the challenged probation condition omits the language, "except pursuant to a medical prescription." Therefore, because the imposed probation condition does not conform to the statutory language of ORS 137.540(1)(b), it was not permissibly imposed under that provision. *See State v. Meyer*, 313 Or App 611, 614-15, 496 P3d 1117 (2021) (concluding that the court's imposition of a special probation condition requiring the defendant to submit to searches by his probation officer regardless of whether the officer had reasonable grounds for the search was not lawful because the court was not permitted to impose a probation condition that "dispenses with the reasonable grounds restrictions" contained in the general probation condition statute (internal quotation marks omitted)); *State v. Bowden*, 292 Or App 815, 818, 425 P3d 475 (2018) ("ORS 137.540 and our case law do not allow the sentencing court to impose a special condition under ORS 137.540(2) that does not conform to the limits of the general condition set out in ORS 137.540(1)(b)."); *State v. Schwab*, 95 Or App 593, 596-97, 771 P2d 277 (1989)

("Conditions that the legislature specifically defined are statutory restrictions to which a court must conform when imposing probation conditions."). Therefore, ORS 137.540(1) could not supply the trial court with the legal authority to impose the probation condition that defendant "not use or possess controlled substances," and we cannot affirm on that alternative basis.

Finally, we address the trial court's legal basis for concluding that it had the authority to sentence defendant to the challenged probation conditions and conclude that its reasoning was flawed. We understand the trial court's statement that "the legislative intent with the diversion package" is that "intoxicants are intoxicants" to mean that, because the diversion statutes that govern the conditions of diversion require a defendant to agree to "not use intoxicants," ORS 813.200(4)(d), the legislature intended that, for purposes of the court's authority to impose probation conditions following a DUII conviction, it may impose special conditions that reasonably relate to any type of intoxicant. *See, e.g.*, ORS 813.200 - 813.270 (setting forth rules and conditions of diversion programs). However, the court's authority to impose conditions of probation is circumscribed by its statutory sentencing authority. *See State v. Berglund*, 311 Or App 424, 427, 491 P3d 820 (2021) ("The sentencing authority of a court must be expressly conferred by statute."); *State v. Coventry*, 290 Or App 463, 464, 415 P3d 97 (2018) (explaining that a court's sentencing authority "cannot be exercised in any manner not specifically authorized"). Whether the court could lawfully impose the challenged conditions of probation in this case was governed by ORS 137.540(1) and (2), not the diversion statutes or, correspondingly, the conditions that defendant agreed to in the diversion petition agreement. Further, in determining whether the court was statutorily authorized to impose the probation condition as a special condition required the court to determine as a factual matter whether the record before it demonstrated that the challenged conditions were reasonably related to defendant's criminal conviction or defendant's needs, and imposed for the protection of the public or for defendant's reformation. The fact that the legislature requires a diversion participant to agree to not use any intoxicants, regardless of the

facts underlying the participant's criminal incident or specific needs, to benefit from the dismissal of the charges, does not resolve or answer the factual questions that the court was required to address under its sentencing authority. *See State v. Hovater*, 37 Or App 557, 562-63, 588 P2d 56 (1978) ("The sentencing court has the responsibility to determine as a matter of fact whether the conditions of probation are reasonably related to the offense for which the defendant was convicted or to the needs of an effective probation. This responsibility cannot be adequately discharged by simply accepting the agreement of the parties as to the conditions of probation."). Therefore, the trial court incorrectly relied on the diversion statutes and corresponding conditions contained in defendant's diversion agreement petition, as legal support to impose the challenged probation conditions.

For all of those reasons, we conclude that the trial court erred in imposing all of the challenged conditions, and we therefore reverse and remand for resentencing.

Reconsideration allowed; former disposition withdrawn; reversed and remanded for resentencing; otherwise affirmed.