630 March 27, 2024 No. 194

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLAUDIA YOHANA MARTINEZ,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR16609, 22CR28780; A180333 (Control), A180334

Ladd J. Wiles, Judge.

Submitted February 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Based on incidents that occurred in March and June 2022, defendant pleaded guilty to two counts of driving while under the influence of intoxicants (DUII), ORS 813.010(4), and one count of driving while suspended, ORS 811.182(4). In this consolidated appeal, defendant challenges special conditions of probation that were not announced in open court at sentencing, but that appear in her judgments of conviction in Case Nos. 22CR16609 and 22CR28780. Defendant raises 16 assignments of error relating to eight special conditions of probation included in each of the two judgments. The state concedes the errors. We agree with and accept the state's concession. Accordingly, we remand to the trial court for resentencing in both cases.[1]

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018). "A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). A trial court commits reversible error if it does not do so, and the result is usually a resentencing. *State v. Bates*, 315 Or App 402, 404, 500 P3d 746 (2021).

At sentencing, the state's recommendation included a reference to "the standard DUII alcohol package." The trial court determined that it would follow the state's recommendation, which included probation "subject to the general conditions of probation, as well as the—we call it the DUII package." The trial court explained that the DUII package "will require you to reattend the victim impact panel, [and] continue with your course of treatment to address your alcohol issue. It will require that you remain sober, subject to random testing, and you know, not consume or possess alcohol."

However, the written judgment in each case contained eight special conditions of probation that the trial court did not describe when explaining "the DUII package." Those special conditions prohibit defendant from using or

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

possessing controlled substances and from entering certain kinds of establishments. They also require defendant to take Antabuse if directed by her probation officer, to undergo specified screenings and evaluations for treatment, not to switch or transfer treatment programs without permission, and to pay costs and fees associated with screening, evaluation, and treatment.

On appeal, defendant argues that the record does not establish that the parties understood the special conditions of probation implied by the trial court's use of the shorthand phrase, "the DUII package." As we recently explained in *Priester*,

> "two things must be true before use of a shorthand phrase can legally suffice as announcing a sentencing condition in open court. First, it must be apparent somewhere in the record that all parties had the same understanding of the meaning of the shorthand phrase and what it referred to. Second, it must be apparent somewhere in the record that the shorthand phrase included the conditions that were eventually listed in the written judgment."

325 Or App at 582-83. Here, having reviewed the record, it is not apparent that the parties understood that the shorthand phrase "the DUII package" included eight of the special conditions of probation included in each of the two judgments of conviction. As a result, the trial court's use of that phrase did not satisfy its obligation to announce the sentence in open court. Therefore, we remand for resentencing in Case Nos. 22CR16609 and 22CR28780.

Remanded for resentencing; otherwise affirmed.