No. 253 April 17, 2024 139

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IVAN ROSALIO MENDEZ PEREZ,
aka Ivan Rosalio Mendez-Perez,
*Defendant-Appellant.*

Linn County Circuit Court
21CR26079, 20CR69674; A177749 (Control), A177750

Rachel Kittson-MaQatish, Judge.

Argued and submitted September 18, 2023.

James Brewer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Portion of judgment requiring defendant to pay $25 probation revocation fee vacated; remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for harassment, menacing, and unlawful use of a weapon. The charges arose out of a dispute between defendant, his mother, and his brother over a cell phone, during which defendant slapped his mother and his brother and allegedly threatened his brother with a knife. On appeal, he raises three assignments of error, arguing that the trial court erred when it denied his request for a continuance for him to secure witness testimony, revoked his probation, and imposed a probation revocation fee for the first time in the written judgment. For the following reasons, we vacate the portion of the judgment that required defendant to pay the probation revocation fee, remand for resentencing, and otherwise affirm.

*Denial of a continuance.* In his first assignment of error, defendant argues that the trial court erred when it denied his request for a continuance after two of his witnesses failed to appear in court. Defendant acknowledges that the state stipulated to the fact that one of the witnesses gave defendant permission to use the disputed cell phone. However, he argues that such a stipulation was insufficient under the Oregon compulsory process clause, which protects his right to call witnesses. Here, he asserts that he was at a disadvantage because the state's witnesses appeared and provided context and narrative detail, while his did not. He also asserts that his witnesses' testimony was relevant to "the credibility of the state's witnesses." Defendant seeks a new trial based on the trial court's error.

The state disputes that the argument was preserved, but we do not resolve the question of preservation, nor do we decide whether the trial court committed legal error. Even if defendant preserved the issue, and even if there was legal error, any error was harmless because there is "little likelihood" that testimony that defendant owned the cell phone "affected the verdict" in this case. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

Although defendant testified that his actions were motivated, in part, by his desire to retain the cell phone,

he did not rely on a defense-of-property defense. Moreover, in the context of this case, it is unclear what relevant context or narrative detail the witnesses' testimony would have provided about defendant's ownership or permission to use the cell phone. Apart from generally arguing that, in some cases, courts have determined that stipulations were inadequate substitutes for witness testimony, defendant does not identify any specific information that was not presented to the trier of fact because of the stipulation. Finally, the trial court acquitted defendant of fourth-degree assault, demonstrating that the court did not wholesale adopt the state's view of the evidence. On this record, there is little likelihood that testimony that defendant owned or had permission to use the cell phone would have affected the verdict. Accordingly, we reject defendant's first assignment of error.

*Probation revocation*. Defendant's second assignment of error, which challenges the trial court's revocation of his probation based on his convictions in this case, is contingent upon success on his first assignment of error. Because we determine that there is no reversible error in defendant's convictions, we also determine that the trial court did not err in revoking defendant's probation based on those convictions. Accordingly, we reject defendant's second assignment of error.

*Probation revocation fee.* In his third assignment of error, defendant argues that the trial court erred when it imposed a $25 probation revocation fee for the first time in the written judgment. "We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012).

The state concedes the error, and we agree with and accept the state's concession. A criminal defendant has the right to have the sentence announced in open court. ORS 137.030(1); *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005). A trial court commits reversible error if it does not do so. *State v. Bates*, 315 Or App 402, 404, 500 P3d 746 (2021). Here, the trial court announced that it would waive the $25 probation revocation fee. Therefore, it was legal error to include the fee in the judgment.

Portion of judgment requiring defendant to pay $25 probation revocation fee vacated; remanded for resentencing; otherwise affirmed.